W. M. TODD, *Plaintiff in Error,* v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, *Defendant in Error.*

Opinion Filed November 6, 1914.

Where T., who is agent of M., brings an action in tort in his own name for injury to freight belonging to M., and after the statute of limitations has run, M. asks to be substituted as

plaintiff, the referee will not, on the facts of this case, be held in error for refusing to permit such a substitution of plaintiffs.

Writ of error to Circuit Court for Duval County; H. B. Phillips, Referee.

Judgment affirmed.

-C. M. Cooper and Chas. P. & J. J. G. Cooper, for Plaintiff in Error:

John E. Hartridge, for Defendant in Error.

WHITFIELD, J.—Todd brought an action in tort to recover from the railroad company damages for injuries to horses in transportation. At the trial before a referee it developed that the horses were the property of S. J. Melson. The referee, over objection, permitted a plea to be filed denying that the ownership of the horses was in Todd, as alleged, and averring that the ownership of the horses was in S. J. Melson. After taking further testimony, the plaintiff rested and the defendant moved for judgment in its favor on grounds that the action is in tort and the evidence did not warrant a finding and judgment for the plaintiff Todd; that plaintiff had no general or special property in the horses but was acting as the mere agent of Melson in making the shipment. Plaintiff then asked "leave to amend the declaration and the entire pleadings therein by substituting as plaintiff" S. J. Melson in the place of W. M. Todd, on grounds that the additional plea permitted to be filed during the trial makes the amendment to the declaration necessary; that the evidence shows a meritorious case against defendant in favor of S. J. Melson; that the evidence shows Todd was agent for Melson;

that substantial justice requires the amendment; that plaintiff could have had and had no knowledge that defendant would make objection to the recovery by plaintiff until the filing of the additional plea, the action being for the benefit of Melson and with his assent; that if this amendment is denied, the statute of limitations would bar a recovery by Melson. The motion to amend the declaration was denied and judgment was rendered for the defendant.

On writ of error the plaintiff contends that the referee erred in permitting the additional plea to be filed as to the ownership of the horses; in refusing to permit the declaration to be amended; in rendering judgment for the defendant, and in denying a motion for new trial.

As the order denying the motion for new trial was not excepted to, it will not be considered here.

It is contended that if the action had been in contract Todd could have recovered; and Todd being the agent of Melson, the plea denying Todd's ownership of the horses should have been denied; and that after the plea was filed the amendment of the declaration should have been allowed to meet the plea; because substantial justice would be done by allowing a recovery by either Todd, the agent, or Melson, the principal, and that if the declaration is not amended after the filing of the additional plea, Melson, the principal and owner of the horses, would be barred by the statute of limitations.

In view of the liberal statute relative to amendments, it does not appear that the court abused its discretion in permitting the plea denying the alleged ownership of the plaintiff to be filed; and as the plaintiff must have known of his rights when he brought the action and did not ask to amend until after he had submitted his case on all

the pleas, and after the defendant had asked for judgment on the case made by the plaintiff, there was no error in denying the motion to amend the declaration, or in rendering judgment for the defendant. The relation of principal and agent between Todd and Melson was known to both of them, and the failure of Melson to ask for an amendment of the declaration until he was barred by the statute of limitations cannot fairly be charged to the defendant, who had a right to defend against the action as brought by the plaintiff.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.