J. ROY DEE v. SOUTHERN BREWING Co., a Corporation.

1 So. (2nd) 562
Division A
Opinion Filed April 11, 1941

*Wylie & Warren,* for Plaintiff in Error;

*McKay, Macfarlane, Jackson & Ferguson,* for Defendant in Error.

BUFORD, J.—On writ of error we review judgment for defendant on demurrer sustained to second amended declaration.

On the 7th day of May, 1935, plaintiff filed his suit in the Circuit Court of Hillsborough County.

On the 17th day of June, 1935, plaintiff filed his declaration in three counts, one being a special and two being common counts. On the 5th day of August, 1935, demurrer was interposed. The demurrer was never called up or ruled upon.

It is not necessary, however, for us to consider the original declaration because on the 6th day of July, 1936, plaintiff voluntarily filed his amended declaration in two common counts, the first being for moneys payable by the defendant to the plaintiff for moneys found to be due from the defendant to the plaintiff on account stated and, second, for moneys payable by the defendant to the plaintiff for work done and materials furnished by the plaintiff for the defendant at the latter's request.

To this declaration bill of particulars was attached, as follows:

"To amount due plaintiff, J. ROY DEE by the SOUTHERN BREWING COMPANY, defendant, on account of employment

as General Sales Manager under contract entered into on the 17th day of January, A. D. 1935, providing for the monthly salary of a commission equal to 3c a case for all beer sold by said corporation to and including 20,000 cases, and 2c per case for beer between 20,000 and 30,000 cases, which commissions would have accrued to this plaintiff under said contract of employment had he not been wrongfully discharged by said corporation—$8,000.00."

By the filing of this declaration the plaintiff abandoned the original declaration and it no longer served any purpose in the record. See Watkins v. Sims, 81 Fla. 730, 88 Sou. 764; First State Bank of Mountain Lake v. C. E. Stevens Land Co., 119 Minn. 209, 137 N. W. 1101; Bacon v. Green, 36 Fla. 325, 18 Sou. 870.

Motion to strike was interposed to the amended declaration as was also demurrer.

The bill of particulars is by Rule 16, Common Law Rules, made a part of the declaration and, therefore, demurrer reaches the declaration as affected by the bill of particulars.

The third and fourth grounds of the demurrer were:

"3. It appears from the bill of particulars attached to the declaration that the plaintiff's claim, if any he has, is unliquidated.

"4. It appears from the bill of particulars attached to the declaration that plaintiff's claim, if any he has, is a tort claim."

These grounds of demurrer were well taken and the plaintiff, in effect, confessed demurrer and on the 1st day of March, 1940, filed his amended declaration in three counts to the same effect as the common counts appearing in this first amended declaration, and a special count. The special count, being the third count of the declaration, was as follows:

"For that, on or about the 17th day of January, 1935, the

said Southern Brewing Company, acting by and through its duly authorized agents made a contract of employment with the plaintiff herein for a period of one year from that date; the said plaintiff to act in the capacity of general sales manager for said company, and to receive as a monthly salary commissions equal to three cents per case on all beer sold by the corporation up to and including 20,000 cases, and two cents per case on all beer sold by the defendant between 20,000 and 30,000 cases, and when the sales have reached 30,000 cases a new program of adjustment was to be made, and plaintiff, in addition, under the terms of said employment contract, was to be allowed a monthly reasonable expense account and was to be furnished for his use during such employment a company automobile, and the plaintiff entered into said service in the capacity and under the terms aforesaid, and when the sales reached 30,000 cases, the arrangement as to commissions was extended to the number of cases sold in excess of 30,000 cases at 2 cents per case, and so continued therein until the 22nd day of April, 1935, and was always ready and willing to continue in the said service during the remainder of the said agreement; whereof the defendant always had notice, but the defendant wrongfully and unlawfully dismissed the plaintiff from the said service on said date and refused to retain plaintiff therein for the remainder of the said year.

"WHEREFORE, plaintiff charges that because of said wrongful discharge, he has been damaged in the loss of said employment and in the loss of moneys which he would have made throughout the period aforesaid under said contract of employment."

His third count sounded in tort and the bill of particulars attached thereto showed a right of action, if any, in tort.

Demurrer was interposed to this amended declaration and sustained as to the common counts upon the ground

that the bill of particulars showed that they were not applicable and that the plaintiff had no cause of action based on the common counts. Demurrer was sustained as to the third count because it constituted a departure in pleading and stated a new cause of action as to which cause of action the declaration showed on its face the statute of limitations had run.

The plaintiff in error admits that the demurrer was properly sustained as to the two common counts. The third count of the declaration stated a cause of action not stated in the first amended declaration and was a departure from the cause of action stated in that declaration.

The declaration showed on its face that the statute of limitations had run as against the tort action stated in the third count of the declaration.

These infirmities rendered the declaration susceptible to demurrer. See Faulk v. Salario, *et al.*, 108 Fla. 135, 146 Sou. 193; Livingston v. Malever, 103 Fla. 200, 137 Sou. 113; Todd v. L. & N. R. Co., 68 Fla. 194, 67 Sou. 41.

The case of Fancher v. Ramsey, *et al.*, 121 Fla. 631, 164 Sou. 688, is not contrary to this view but sustains it. In that case the holding was that the allegations of the amended declaration did not constitute a departure in pleading.

No reversible error appearing in the record, the judgment is affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD, and ADAMS, J. J., concur.