WHITE, Judge.
This is an appeal from a final decree granting a divorce, but the divorce itself is not in issue. The appellant is concerned with the allegedly unjust effect of the decree on his property rights as compared with the property rights of his recent wife.
The parties are an elderly couple of moderate means who had been married forty-two years when the suit was instituted. They have two grown daughters who reside elsewhere and are self-sustaining. The complaint prayed for permanent alimony and the defendant’s answer requested a determination of respective property rights. The divorce was granted on a showing of extreme cruelty on the part of the defendant, hereinafter designated as the appellant.
At the time of suit certain rental property in West Virginia and an amortized balance receivable on Oklahoma property were held in the plaintiff wife’s name alone, as was also the home place in Manatee County, Florida. Lesser holdings were in the names of the parties jointly. The appellant had caused the first mentioned properties to be put in his wife’s name, divesting himself of his undivided interests to reduce his income in order to obtain a veteran’s pension. His prayer to be adjudged an equal co-owner of these properties was denied except as to the home.
According to the findings in the decree the appellant had transferred his interests to effect a fraud, and moreover he had no present ownership because of the voluntary conveyances to his wife. The decree nevertheless restored the appellant to a one-half interest in the home on a finding that it was non-income property placed in the wife’s name for convenience with no ulterior motive and no intent to make a gift.
In consequence of the foregoing procedures the appellee has property interests of an indicated value of $40,000.00 which provide her a gross monthly income of approximately $235.00. The appellant has a one-half interest in the home place and in two unimproved lots. His monthly income, derived mainly from social security benefits, totals approximately $130.00 exclusive of any veteran’s pension to which he may be entitled.
The economic status of the appellant is thus considerably below that of the-appellee, but we see no sound equitable-basis for the court to revest his divested interests and give him the equality of property-rights he seeks. Although the doctrine of “clean hands” is largely a discretionary-doctrine of equity rather than an inflexible-rule of law, we think the doctrine was properly applied in this case. It has been held generally that equity will refuse to assist in a fraudulent imposition on the government or the public. See Bowman v. Bowman, 125 Cal.App. 602, 13 P.2d 1049, 14 P.2d 558; Rust v. Gillespie, 90 Okl. 59, 216 P. 480; 30 C.J.S. Equity § 95; 19 Am.Jur. Equity, Sec. 471; 12 Fla Jur. Equity (Supp.1961), Sec. 55.
In Roberts v. Roberts, Fla.1956, 84 So.2d 717, at page 720, the Supreme Court of' Florida said:
“ * * * one who comes into equity must come with clean hands else all relief will be denied him regardless of the merit of his claim. It is not essential that the act be a crime; it is enough that it be condemned by honest and reasonable men. * * * ”
In Rust v. Gillespie, supra, the court said [90 Okl. 59, 216 P. 483]:
“ * * * equity will not lend its aid in any manner to one who has been guilty of unlawful or inequitable conduct in a transaction from which he-seeks relief, nor to one who has been a participant in a transaction the purpose of which was to defraud a third person, to defraud creditors, to defraud the government, nor to a party to a transaction whose purpose is vio-lative of public policy * * * ”
*212 From a broadly equitable standpoint the appellant does not, after all, fare badly for one who was the transgressor. It is noted from the record that there was no express withdrawal of the prayer for alimony, but apparently it was not pressed in view of the ruling against the appellant’s claim of ownership. The decree neither mentions nor provides for alimony as such, and there was no reservation of jurisdiction. In this situation it is generally held that an ex-wife has no standing in a court of equity to apply for alimony. See Weiss v. Weiss, Fla.App., 1960, 118 So.2d 833, 835 and cases there cited.
Thus the question of alimony in this case appears to be res judicata. If, however, a common ownership of property had been adjudged the issue of alimony would not likely have remained dormant. Upon application of Section 65.08, Florida Statutes, F. S.A., infra, the appellant could well have found himself subjected to alimony and in no better situation than that now existing under the decree as entered.
“65.08 — Alimony upon decree of divorce. In every decree of divorce in a suit by the wife, the court shall make such orders touching the maintenance, alimony and suit money of the wife, or any allowance to be made to her, and if any, the security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just; * * * In any award of permanent alimony the court shall have jurisdiction to order periodic payments or payment in a lump sum." (Emphasis supplied.)
The appellant has assigned as error the denial of his petition to reopen the case to receive testimony that his conduct with respect to the conveyances was not fraudulent but was government-approved practice. The character of such testimony would be extremely dubious in itself and, moreover, the appellant made no attempt to show why it was not offered at final hearing. There would have been no point in granting the petition and it was properly denied. See Braznell v. Braznell, 1939, 140 Fla. 192; 191 So. 457, 459.
There is no doubt that the disparity in the financial positions of these parties strongly favors the appellee. On the other hand the appellant, being the offender, has a subsistence income and is relieved of the hazards of continuing and recurring demands for alimony in the future. We can not conclude that the Chancellor misapplied the law or manifestly abused his discretion.
Affirmed.
SHANNON, C. J., and ALLEN, J., concur.