WHITE, Judge.
This is an appeal by Jack Bergovoy, plaintiff and counterdefendant below, seeking reversal of a decree ordering the transfer of his 23 shares of stock in Atlantic Electric of Fort Lauderdale, Inc. to one of the -defendants, Vernon J. ‘Franke, at $100.00 per share. The decree in question *886 was entered ex parte consequent upon a decree pro confesso against the plaintiff because of his failure to interpose timely answer or other formal pleading to the defendants’ amended counterclaim.
The principal suit was begun by complaint alleging that plaintiff Jack Bergovoy was an officer, director and stockholder of defendants Atlantic Electric of Fort Lau-derdale, Inc., Atlantic Electric of Jacksonville, Inc., and Atlantic Electric, Inc., and that the defendant Vernon J. Franke was likewise a stockholder and officer of the associated corporations. The plaintiff alleged that the defendants had fraudulently disposed of corporate assets, co-mingled corporate funds and committed other wrongful and detrimental acts designed to compel the plaintiff to relinquish his interests and withdraw from his positions in relation to said corporations. The plaintiff prayed for injunctive relief, appointment of a receiver and an accounting.
The defendants denied the material allegations of the complaint and, by counterclaim, charged that plaintiff Bergovoy had voluntarily left the employ of defendant Atlantic Electric of Fort Lauderdale, Inc., thereby entitling the defendant Vernon J. Franke to the plaintiff’s stock in said corporation at $100.00 per share pursuant to a stockholders’ agreement. This stock was alleged by the plaintiff to be worth $3,000.00 per share. The plaintiff’s answer to the counterclaim denied the material allegations thereof and averred that plaintiff was forced to leave the employ of said defendant corporation.
The defendants, with leave of court, thereafter filed an amended counterclaim in two counts, the second count being substantially identical with the previous counterclaim already answered by the plaintiff. The first numbered count of the amended counterclaim did inject a new issue, charging that the plaintiff had violated his duty by embezzling corporate funds for which the counterclaimants sought judgment of restitution. The plaintiff, having answered the original counterclaim, moved to dismiss the amended counterclaim but later withdrew this motion. No answer was filed to the amended counterclaim; but the plaintiff, pursuant to leave of court, thereafter amended his complaint and prayed the court to order dissolution of the defendant corporations for dereliction of corporate duties. There was no answer filed to the amended complaint. The parties proceeded to take depositions and the court set the cause down for trial beginning October 23, 1961, reserving two days for that purpose.
Meanwhile the defendants had given notice of the taking of a deposition, and accordingly the deposition of one Bernard Goodman was taken on October 13th, 1961 in New York City. Three days previously, however, on October 10th, 1961 the defendants had moved the court for a final decree on their counterclaim predicating their motion on the failure of the plaintiff to plead to the amended counterclaim. No notice was given the plaintiff with reference to this motion. On October 18th, 1961 the court entered a “final decree,” likewise without notice to the plaintiff, granting the relief as prayed by the defendants in count two of their amended counterclaim. On October 26, 1961 the court denied the plaintiff’s motion to set aside the decree in question. The court, by separate order, continued the principal suit apparently in view of the pendency of this appeal.
The plaintiff urges that where he filed his answer to the counterclaim and thereafter an amended counterclaim was filed which, presented no new issue, the plaintiff’s original answer should stand over to the amended counterclaim; that in any event it was error, under the circumstances, to foreclose the plaintiff his right to plead further and resist the amended counterclaim. As previously noted, the second count of the amended counterclaim was essentially the same as the original. The first count, although introducing a new issue in claiming damages, did not seek transfer of the plaintiff’s stock; and the final decree did not dis *887 pose of the new issue injected hy count one but granted only the relief prayed in count two which repeated the original counterclaim.
Two related questions are thus presented: first, whether the plaintiff’s answer to the original counterclaim stood over to count two of the amended counterclaim, and second, whether it was abuse of discretion to deny plaintiff’s motion to vacate the decree pro confesso and the final decree entered on rhe counterclaim. An affirmative answer to this latter question is the specific basis of our conclusion that the case should be remanded for further proceedings. This conclusion, however, was not entirely divorced from a consideration of the first question.
Prior to the adoption of the 1954 Florida Rules of Civil Procedure, it was settled that an answer may stand over to an amended complaint. Equity Rule 36, Fla.Stat. § 63.-36, F.S.A. provided that “ * * * the defendant shall plead to the bill as amended * * * otherwise the original answer or motion shall be considered as pleaded to the bill as amended.” However, Chapter 63, Fla.Stat., F.S.A. was repealed by Laws of Florida 1951, Chapter 26962, § 2, effective June 11, 1951 and was superseded by the 1954 Rules of Civil Procedure. The appel-lees submit that rule 1.15(a) mandatorily requires a party to answer all amended pleadings which seek affirmative relief. Rule 1.15(a) provides:
“ * * * A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an .amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.33 (emphasis ours)
Specifically the appellees contend that the emphasized portion of the quoted rule required another answer to their amended counterclaim; that in effect the rule requires another answer even with respect to the repleading of an issue already pleaded. The appellees cite comments on Rule 1.15, supra, in 30 F.S.A. 376 and 7 Fla.Law.Rev. 133, both of which commentaries submit the authors’ view that an answer directed to an original pleading does not stand over to the amended pleading and that if a respondent desires to adopt his prior answer, he must specifically adopt it by reference in a new answer.
The object of the Florida Rules of Civil Procedure as noted in Rule A, Scope and Title of Rules, 1954 Rules of Civil Procedure, 30 F.S.A., is to secure the just, speedy and inexpensive determination of every action. It is truistic that the repeal of the equity rules and the adoption of the 1954 Rules of Civil Procedure in no way impaired the inherent discretionary power of a chancellor, while retaining jurisdiction of a cause, to review his previous orders entered therein. See Schroeder v. Schroeder, Fla.App.1958, 102 So.2d 729; Savage v. Rowell Distributing Corporation, Fla.1957, 95 So.2d 415; 1954 Rules of Civil Procedure 3.9, 3.10, 31 F.S.A. Compare Barber v. North Shore Hospital, Inc., Fla.App.1961, 133 So.2d 339; also White v. Spears, Fla. App.1960, 123 So.2d 689, involving an action at law.
In Craver v. Ramagli Realty Co., Fla. App.1959, 109 So.2d 187, the Third District Court of Appeal noted that the second amended complaint reworded the claim of the first amended complaint and added a second count for money had and received. The answer to the first amended complaint *888 was responsive to the claim as reworded and the court was of the opinion that this was sufficient to prevent default for failure to answer the second amended complaint. The Supreme Court reversed [Ramagli Realty Co. v. Craver, Fla.1960, 121 So.2d 648] but solely on the ground that the District Court did not have jurisdiction to entertain the cause since the appeal was taken more than 60 days after entry of final judgment. After discussing the power of the courts to vacate default judgments, the majority opinion of the Florida Supreme Court stated at p. 653 :
“ * * * It thus appears quite clear in this case that the question of whether an answer to a prior complaint could stand over to a subsequent amended complaint so thoroughly discussed by the district court could have been raised and determined in a timely appeal from the final judgment.”
The thorough discussion by the District Court, as mentioned by the Supreme Court, included the following:
“ * * * It readily appears that the basis for the entry of the default against the defendant in this case was his failure to plead to the second amended complaint within 10 days after his motion to dismiss was denied as required by Rule 1.11(a), 1954 Rules of Civil Procedure, 30 F.S.A.
“The trial judge failed to take into account defendant’s answer which was on file at the time of entry of the default. This answer was filed in response to the 1st amended complaint and it will be noted that the 2nd amended complaint was voluntarily filed after answer to the 1st amended complaint. (After the filing of the 2nd amended complaint, an order was secured from the court accepting it as filed and granting 20 days in which to -answer). The 2nd amended complaint reworded the claim and added a second count ‘for money had and received’. Under these circumstances the denial in the filed answer of the factual basis set forth in the 1st amended complaint was responsive to the same claim as reworded. Therefore the answer was sufficient to prevent a default for failure to answer, (emphasis theirs)
“The rule that an answer may stand over to an amended complaint was recognized in Florida before the present rules were adopted. Butler v. Thompson, 2 Fla. 9; Jordan v. John Ryan Co., 35 Fla. 259, 17 So. 73, 75. This rule is generally recognized. See cases collected at: 41 Am.Jur., Pleading, § 312; 71 C.J.S. Pleading § 314c. It appears to be in keeping with the spirit and purpose of the 1954 Rules of Civil Procedure, and we find nothing in said rules which changes it.”
A number of other cases have been cited which do not bear directly on the precise question. Shannon v. McBride, Fla.App. 1958, 105 So.2d 16; Dee v. Southern Brewing Co., 1941, 146 Fla. 588, 1 So.2d 562; Watkins v. Sims, 1921, 81 Fla. 730, 88 So. 764. Shannon v. McBride, for example, is merely cumulative endorsement of the proposition that where an original pleading is not in terms adopted by the amended pleading, the original pleading is superseded by the amendment. None of the cited cases purport to apply the rule to foreclose a respondent who has answered an original complaint but fails only to answer that portion of an amended complaint which merely rewords an original issue without changing the substance. Indeed the sum of Florida case law, as we have reviewed it, leaves relatively unsettled the question of whether an answer can stand over pro tanto to an amended complaint insofar as such latter complaint repleads an issue already effectively pleaded in the original complaint. However, as previously stated, it is not deemed necessary to ground the instant decision on- a determination of that question.
*889 Where a plaintiff, although somewhat delinquent in pleading responsively to an amended counterclaim, has nevertheless stated a justiciable case and has been otherwise diligent, it may be an abuse of discretion to bar him from actively contesting the amended counterclaim. We are convinced that in the circumstances here presented it would have been judicially discreet to grant plaintiff’s motion to vacate so as to permit a full hearing and conjunctive determination of all the interrelated issues of the case.
The decree appealed accordingly is reversed and the cause remanded for further proceedings.
Reversed.
ALLEN, Acting C. J., and SMITH, J., concur.