HENDRY, Judge.
This is an appeal by plaintiff, counter-defendant, from a final decree granting defendant, counter-claimant, a divorce and granting other relief.
Plaintiff-wife filed her complaint for divorce charging the defendant-husband with extreme cruelty and seeking, among other things, equitable distribution of certain parcels of land alleged to be owned by the parties as tenants by the entireties. The defendant-husband answered denying all allegations of cruelty and admitting that the parcels of land stood in the joint names of the parties. As to the family home at 1754 N.W. 67th Street, which for reference purposes we shall designate as “parcel 1”, the defendant alleged that said property belonged solely to him despite the fact that the title was in their joint names. The defendant also counterclaimed for a divorce on the ground of adultery and sought, among other things, exclusive title to “parcel 1”.
The chancellor entered a final decree in which he found that the plaintiff-wife was guilty of adultery and that “parcel 1” was ■owned exclusively by the defendant-husband. The final decree also determined the rights of the parties to two other parcels of land and made a determination as to custody of the parties’ child, the amount of child support and rights of visitation.
While plaintiff has assigned as error various parts of the final decree and the defendant has filed cross-assignments of error, we shall only discuss those points relating to the finding of adultery and the determination of the ownership of “parcel 1”; the other points we deem to be without merit.
We have' carefully reviewed the testimony of the defendant and his witness in support of the charge of adultery. While the testimony could be stronger, we are mindful that the chancellor’s finding comes to us clothed with a presumption of correctness. Viewing the testimony in the light of such rule, we hold that there was sufficient evidence of adultery to support the chancellor’s finding.
As to “parcel 1” it appears that defendant purchased the lot in 1947 with his separate funds and had title conveyed to him and the plaintiff, jointly. The defendant, through his own labor, then built a home upon the land with space to accommodate a beauty shop business then being operated by the plaintiff in leased quarters. The defendant alleged that at the time of the purchase of the land he and the plaintiff entered into an agreement whereby she agreed to move her business into the allocated space as soon as it was completed; that the house was completed in 1948 and that thereafter, the plaintiff refused to comply with her agreement. It is upon these allegations, and testimony to that effect, that the chancellor decreed that the defendant was the sole owner of the property and the contents therein and ordered the plaintiff to quit-claim her interest in the property to the defendant.
Nowhere in the pleadings, testimony or final decree is there urged that a resulting or constructive trust was created in favor of the defendant so we are unable to determine the basis of the chancellor’s findings as to “parcel 1”. Neither theory would aid the defendant, however, under these facts. As to a constructive trust, the evidence falls far short of the degree of proof of fraud required to establish such a trust and, if anything, the proof seems to establish only a breach of contract rather than fraud. As to a resulting trust, the presumption of law creating a resulting trust where a transfer of property is made to one person and the purchase price is paid by another, is replaced by a presumption of fact that the transfer was intended as a *572 gift, where the transferee is his wife.[1] While this presumption of fact is not conclusive and may be rebutted by proof of the real intention of the payor, the evidence introduced herein is insufficient to rebut the presumption of a gift by the defendant to the plaintiff especially when it is shown that almost eleven years elapsed from the time the house was completed until the defendant’s counterclaim was filed.
Accordingly the final decree appealed is affirmed in all respects except for the finding as to “parcel l”[2]. As to “parcel 1” the parties shall hereafter hold title to the realty and personalty contained therein as tenants in common.
Affirmed in part; reversed in part.

. Medary v. Dalman, Fla.1954, 69 So. 2d 888.

. Parcel No. 1 refers to the property legally described as: Lot 14 in Block 7 of Liberty City, according to the plat thereof recorded in Plat Book 7,Page 79, Public Records of Dade County, Florida, also known as 1754 N.W. 67th Street.