190 So.2d 572 (1966)
Ivan SPONHOLTZ, Petitioner,
v.
Dorothy D. SPONHOLTZ, Respondent.
No. 34959.
Supreme Court of Florida.
September 28, 1966.
Rehearing Denied October 26, 1966.
Williams, Salomon & Kenney and Richard P. Kenney, Miami, for petitioner.
Dorothy D. Sponholtz, in pro. per.
ERVIN, Justice.
This is a conflict certiorari review of the decision of the District Court of Appeal, Third District, in Sponholtz v. Sponholtz (Fla.App.), 180 So.2d 497.
The facts in the case appear in the opinion of the District Court and need not be restated except where necessary in outlining the basis of our decision.
We find the District Court disagreed with the findings of the chancellor and predicated its holding largely upon the allegations of the complaint wherein Petitioner (plaintiff) alleged the corporation was formed to protect plaintiff from the execution of the judgment against his individual assets and was incorporated solely with the plaintiff's money and all the assets transferred to the corporation were the plaintiff's property. Respondent denied under oath these allegations and issue was made to be determined by proofs whether the corporation was set up to defraud creditors. Even if plaintiff's allegations standing alone might have estopped and barred him from denying intent to defraud his creditors, the denial thereof by defendant and the proofs negate the view plaintiff is bound by his admissions in this case. See Carvell v. Kinsey (Fla.), 87 So.2d 577. Our evaluation of said issue made by the pleadings, taken in connection *573 with the proofs as outlined in the District Court opinion, does not lead inevitably to the conclusion reached by the District Court, viz., that the transactions involved were clearly intended to defraud creditors of the partnership and in particular the judgment creditor who recovered the judgment due to the automobile accident caused by the agent of the partnership. According to the proofs, the real object of the transactions was to facilitate the operation of the business by changing it from a partnership to a corporation. Such is not an uncommon change of identity of a business. The corporate change was found by the chancellor to be a success. At the time of the hearing before the chancellor the assets of the corporation had grown from an initial capitalization of $500.00 to over $130,000.00. The chancellor, viewing all the circumstances, concluded (180 So.2d at 500):
"* * * it would do a grave injustice to the children and the defendant if he [the chancellor] awarded the corporation to the wife, because in the chancellor's opinion she is not equipped to operate it, and its asets and value as a going concern would be dissipated very soon, and that the minor children of the marriage would be the ones who would principally suffer."
There was no showing in the evidence the judgment creditor was in anywise delayed or frustrated in the settlement of his judgment by the change of the partnership to the corporation or the transfer of partnership property to the corporation. His judgment was recovered subsequent to the formation of the corporation. The conveyance of the partnership property to the corporation and the transfer of the corporate stock to Mrs. Sponholtz standing alone do not on this record constitute fraud. Fraud is not presumed, but must be established by the party relying upon it. See 14 Fla.Jur., Fraud and Deceit, § 75 24 Am.Jur., Fraud and Deceit, § 257; Florida East Coast R. Co. v. Thompson (1927), 93 Fla. 30, 111 So. 525. In 24 Am.Jur., Fraudulent Conveyances, § 68, on page 223 the text reads in part:
"* * * The fact that a partnership transfers its property to a corporation organized by the partners for the purpose of carrying on the old business is not of itself evidence of fraud; * *"
The Petitioner relies upon Bay View Estates Corp. v. Southerland, 114 Fla. 635, 154 So. 894, for conflict. We think the reliance is well founded. In that case our Court said (text 900):
"[5] A transfer of property by a debtor is not fraudulent either under the English statute or the common law unless the act is directed against creditors who have just, lawful, and existing claims. Even if the debtor intends to deceive the public, if his act in transferring his property does not hinder or delay his creditors, no legal fraud exists.
* * * * * *
"To constitute a fraudulent conveyance, there must be a creditor to be defrauded, a debtor intending fraud, and a conveyance of property which is applicable by law to the payment of the debt due. See 20 Cyc. 345; 2 Kent's Com. 440."
See, also, 24 Am.Jur., Fraudulent Conveyances, §§ 120, 121.
The record as a whole in this case does not support the proposition that the change to corporate status and the transfer of partnership property were consistent with an intent to defraud creditors of the partnership. Nor does it appear from the record that the judgment creditor who recovered his judgment after the corporation was formed was in anywise hindered or delayed by the transactions which the District Court presumed to be fraudulent. It follows that this case is not clearly one where equity will refuse to relieve a plaintiff who transfers property to another for the obvious purpose of defeating his creditors.
*574 On the merits, we quash that portion of the decision of the District Court of Appeal which reversed the decree of the chancellor holding that the stock in question is the property of the Petitioner. In all other respects the decision of the District Court of Appeal is affirmed; provided, however, that the chancellor be directed to determine whether the award of the corporate stock unduly reduces the overall support of the wife, in which event the chancellor shall re-examine the amount of alimony to be awarded the Respondent.
THORNAL, C.J., and THOMAS, ROBERTS and CALDWELL, JJ., concur.