CARROLL, DONALD K., Acting Chief Judge.
The plaintiffs in an action to quiet title, tried without a jury, have appealed from a final judgment entered by the Circuit Court for Duval County, holding that the title to the real property in question vested in the defendants.
The uncontroverted facts involved in this litigation are as follows:
One B. H. Carlton and Daisy G. Carlton, his wife, held as tenants by the entireties the said lands. The defendant Charlotte Draper was the said Carlton’s daughter by a prior marriage. In 1961 Daisy died and Carlton became the fee simple owner of the property and resided in the home thereon by himself. In 1962, Carlton married Mary J. Carlton, who lived in the said home with Carlton until his death in 1965. Mary died in 1970, after which her co-executors brought the instant action to quiet title in the beneficiaries of Mary’s estate.
In 1963, after his marriage to Mary, Carlton executed an affidavit, received in evidence, that he had promised and agreed to convey to Mary the property in litigation if she would marry him. On the same date the affiant and his wife conveyed the property to a “straw man”, who in turn conveyed the property to Carlton and Mary, his wife, the purpose of which latter conveyance was to establish in the said grantees an estate by the entireties.
The Circuit Court in the said final judgment held that the conveyance to and from the “straw man” was without consideration.
This last holding, we think, conflicts with the applicable decisional law. The controlling law on this point was clearly laid down in the analogous case of Hay v. Wanner, 204 F.2d 355 (5th Cir. 1953). In that case the U. S. Circuit Court of Appeals held in a case arising in Florida that under the Florida law as it existed under the Florida Constitution of 1885, a husband does have the right to create a tenancy by *62 the entireties with his wife in homestead property.
In the Hay case, W. P. Hay married Mary Hay in 1938, and the couple resided on certain property owned solely by Hay, which later became homestead property. Mary had given certain consideration for the agreement, including a promise of marriage. After the marriage Hay conveyed the property through a “straw man” to himself and Mary as tenants by the entire-ties. Hay’s children by a previous marriage filed suit to have the conveyance set aside as violating Article X of the Florida Constitution of 1885 (relating to homestead property), claiming that the creation of the estate by the entireties was invalid and that, upon their father’s death, the homestead lands descended to them, subject only to a life estate in the second wife, Mary Hay.
In Hay, the U. S. Circuit Court of Appeals held that such a conveyance of homestead property by the entireties either directly to the wife or through a “straw man” to the husband and wife by the en-tireties was valid under Florida law, where there was an adequate consideration therefor, and where the conveyance was bona fide and not merely a device to circumvent the children’s homestead rights. In the case at bar we do not find that the conveyance in question was a device to circumvent the defendants’ homestead rights.
A promise to marry has always been deemed a consideration of the highest order in this state. On this point the court in Hay reaffirmed the doctrine as set forth in Scoville v. Scoville (S.Ct.Fla.1949) 40 So.2d 840, 843, that:
“This was a sufficient consideration for'' the deed, even if it be assumed that there was no other, for marriage is deemed in law a consideration of the highest value for such a conveyance and as effective as if the grantee had paid full value in money.”
Upon the authority of the Hay decision the final judgment appealed from herein should be, and it is, reversed, and the cause is remanded with directions to enter judgment for the plaintiffs.
Judgment reversed and cause remanded with directions.
RAWLS and JOHNSON, JJ., concur.