346 So.2d 1204 (1977)
Steven J. GREEN and Jerome C. Berlin D/B/a S & J Investments, a Partnership, Appellants,
v.
Steven CASPER, Appellee.
No. 76-678.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Rehearing Denied June 17, 1977.
Storace, Hall & Hauser, Miami, for appellants.
Ryan & Shahood, Dania, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
*1205 PER CURIAM.
Plaintiffs, judgment creditors of the defendant, seek reversal of an order denying their petition to set aside fraudulent conveyance.
On January 14, 1975 defendant, Steven Casper, remarried his former wife, Judith, whose marriage to Steven had been dissolved in October 1973. Prior to their remarriage, Steven and Judith Casper executed an ante-nuptial agreement wherein they agreed to create an estate by the entireties of all real property presently owned by them as tenants in common. After their remarriage, they executed a post-nuptial agreement to the same effect and all their real property was conveyed to a third party who in turn reconveyed the property back to them as tenants by the entireties. On February 27, 1975 a $20,500 judgment was entered against Steven Casper in favor of plaintiffs, Steven Green and Jerome Berlin. In August 1975 plaintiffs filed their petition to set aside fraudulent conveyance on the ground that the conveyance creating an estate by the entireties was a fraud and was made with the intention to hinder, delay and frustrate the collection of the judgment. After an evidentiary hearing at which Steven and Judith Casper were the only persons who testified, the trial judge denied the petition. We affirm the denial order.
Quoting American Jurisprudence, our Supreme Court in Cleveland Trust Company v. Foster, 93 So.2d 112, 114 (Fla. 1957) listed some of the following more commonly recognized indicia or badges of fraud:
"`The facts which are recognized indicia of fraud are numerous, the most important being the insolvency or indebtedness of the transferrer, lack of consideration for the conveyance, retention by the debtor of possession of the property, relationship between the transferrer and the transferee, the reservation of benefit to the transferrer, the pendency or threat of litigation, secrecy or concealment, and the transfer of the debtor's entire estate.' [Citations omitted.]"
We first note a total absence from the record with respect to any evidence of Steven Casper's insolvency. All that is present is the bare allegation in plaintiffs' petition that Casper is insolvent and the denial of that allegation by Casper in his answer. Moreover, a conveyance of property for the consideration of marriage pursuant to an ante-nuptial settlement is not fraudulent as to creditors on the ground of want of consideration and even though made with a fraudulent design by the transfer, it should not be set aside without the clearest proof of the wife's participation in the intended fraud. Dova v. Hancock, 88 Fla. 503, 102 So. 646 (1924). Here again, the record demonstrates no such participation on the part of Mrs. Casper in the alleged intended fraud. She testified that the reason for the ante-nuptial and post-nuptial agreements was to avoid the problems the parties experienced with a division of their property as a result of the prior dissolution of marriage proceeding.
We conclude that the trial judge's denial of plaintiffs' petition was supported by competent substantial evidence.
Affirmed.