355 So.2d 190 (1978)
Arthur STEELE, Appellant,
v.
Elizabeth M. LANNON, Appellee.
No. 77-764.
District Court of Appeal of Florida, Second District.
February 17, 1978.
As Modified March 3, 1978.
R. Thomas Corbin, of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, Fort Myers, for appellant.
*191 James L. Goetz, of Roberts, Watson, Bright & Adams, Fort Myers, for appellee.
DANAHY, Judge.
After a falling-out with his companion, Elizabeth Lannon, Arthur Steele sued her to impose a resulting or constructive trust on a condominium unit which he bought with his funds and, at her suggestion, had placed in her name. Summary judgment was granted in favor of Elizabeth Lannon. We reverse.
Because the case is here on summary judgment, we must read the record in a light most favorable to Steele. In his original verified complaint, Steele made the following allegations:
"3... .
(a) ...
(b) For some time plaintiff was aware that the business was in financial difficulty and became fearful that his personal assets would be in jeopardy with the creditors of said hotel business.
(c) Prior to January 20, 1976, the plaintiff decided to purchase a condominium in Lee County, Florida, and with the consent of his companion and trusted friend, namely, the defendant, to place title in the defendant's name alone so as to place the asset out of the reach of his creditors."
Lannon's motion to dismiss was granted. Thereupon, Steele filed an amended complaint which omitted the above allegations and detailed his relationship with Lannon and the condominium purchase as we summarize here.
Steele was separated from his wife and was operating a hotel in Jacksonville when he left that business in November 1973 due to financial problems in the business. Two months later, he went to Ohio to reconcile with his wife, but he was unsuccessful and was hospitalized with a nervous breakdown, after which his wife divorced him there. While he was under great emotional stress during the separation from his wife, Lannon encouraged him to divorce his wife, became his trusted confidante, and otherwise consoled, comforted and counseled him. After the divorce and while he continued in a depressed mental condition, she continued to apply pressure on him and urged him to buy a home and place title in her name. She promised that if he did so, she would thereafter live with him as a companion, provide a home for him and take care of him.
On January 20, 1976, intending no gift to Lannon, he purchased the condominium unit with his own funds and had title placed in her name. They moved in and shortly thereafter their friendship ended and she ordered him to leave. She then refused to reconvey the property even though, prior to the purchase, she promised to do so at any time upon his request.
In her answer to the amended complaint, Lannon denied all and raised the single affirmative defense of gift. Steele replied, denying he gave her the condominium. Lannon moved for summary judgment and argued at the hearing that, because the original complaint alleged the transfer to her was in fraud of creditors, Steele was barred from the equitable relief he sought here. Because this is so, argued Lannon, there could be no genuine issue of any material fact in the case. Although fraudulent conveyance was not raised as an affirmative defense in Lannon's answer, the trial judge agreed.
Two questions immediately come to mind; whether allegations of an original complaint superseded by an amended complaint can properly be considered as admissions for purposes of summary judgment,[1] and whether a defense not raised in a defendant's answer can properly be considered on defendant's motion for summary *192 judgment.[2] We need not reach these questions, however, because even if they were to be answered affirmatively, the allegations in Steele's original complaint do not rise to the level of admitting a fraudulent conveyance foreclosing him from relief in equity.
It is well settled that when one purchases property and causes the title to be taken by another for the purpose of thwarting his creditors, a court of equity will not aid him in extricating himself from the situation he has created. In such circumstances he becomes a victim of his own fraudulent devices and cannot enter a chancery court with clean hands. Scott v. Sites, 41 So.2d 444 (Fla. 1949). It is, therefore, necessary to consider the elements of a fraudulent conveyance.
In Cleveland Trust Company v. Foster, 93 So.2d 112 (Fla. 1957), our Supreme Court noted the commonly recognized indicia of fraud as follows: "The facts which are recognized indicia of fraud are numerous, the most important being the insolvency or indebtedness of the transferor, lack of consideration for the conveyance, retention by the debtor of possession of the property, the relationship between the transferor and transferee, the reservation of benefit to the transferor, the pendency or threat of litigation, secrecy or concealment, and the transfer of the debtor's entire estate."
In the case at bar, assuming the truth of the allegations of Steele's first complaint (and that the trial judge properly had the complaint before him at the summary judgment hearing), the fact that Steele was in "financial difficulty" and "fearful that his personal assets would be in jeopardy" does not indicate the "insolvency or indebtedness" of Steele. Green v. Casper, 346 So.2d 1204 (Fla. 3d DCA 1977).
There is left, then, the bare assertion by Steele that his purpose in making the conveyance to Lannon was "so as to place the asset out of the reach of his creditors." Should Steele, under the circumstances of this case, be bound by that allegation to the extent of being barred from his day in court by summary judgment? We think not.
In Sponholtz v. Sponholtz, 190 So.2d 572 (Fla. 1966), the Supreme Court said that "even if plaintiff's allegations standing alone might have estopped and barred him from denying intent to defraud his creditors, the denial thereof by defendant and the proofs negate the view plaintiff is bound by his admissions in this case." In Sponholtz, plaintiff alleged that the transfer in question had been made to "protect the assets of the business" against a judgment creditor. The Supreme Court pointed out that "there was no showing in the evidence the judgment creditor was in anywise delayed or frustrated in the settlement of his judgment." The court further explained that the proofs revealed the transaction by plaintiff was one normal in business operations rather than one having an intent to defraud the creditor. As the Supreme Court noted in Sponholtz, the decision of Bay View Estates Corporation v. Southerland, 114 Fla. 635, 154 So. 894 (1934) succinctly states the point:
"Even if the debtor intends to deceive the public, if his act in transferring his property does not hinder or delay his creditors, no legal fraud exists ... To constitute a fraudulent conveyance, there must be a creditor to be defrauded, a debtor intending fraud, and a conveyance of property which is applicable by law to the payment of the debt due."
Steele may have been a debtor intending fraud, but there is nothing in this record which admits to a fraudulent transfer. His bad motive may not be in doubt, but whether there were any hindered creditors or indebtedness or other indicia of actual fraud, facts which Lannon might be able to prove at trial, a motive to defraud is not the equivalent of fraud.
We hold, therefore, that there were genuine issues of material fact which precluded the entry of summary judgment in favor of Lannon. At trial the defense of fraudulent *193 conveyance (when properly framed) will be at issue, as is the defense that the conveyance was a gift.
Reversed and remanded for further proceedings not inconsistent with this opinion.
SCHEB, Acting C.J., and RYDER, J., concur.
NOTES
[1] It is generally true that where an amended complaint (as opposed to an amendment to the complaint) is filed and does not refer to or in any way adopt the original complaint, the latter supersedes the former and the former ceases to be a part of the record. E.g., Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562 (1941).
[2] Fla.R.Civ.P. 1.110(d) requires that any matter constituting an avoidance or affirmative defense must be affirmatively set forth in pleading to a preceding pleading.