**Joanne MIELE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. 85–6365–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

June 20, 1986.

Perry Hodges, Jr., Hollywood, Fla., for plaintiff.

Alvarez L. LeCesne, Jr., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION & ORDER ENTERING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF

SPELLMAN, District Judge.

I

This CAUSE comes before the Court on Cross Motions For Summary Judgment. This is an action to quiet title on real property located within Broward County, Florida, against which the United States of America has filed a Notice of Federal Tax Lien under the Internal Revenue Laws. Federal Jurisdiction is predicated upon 28 U.S.C. § 2410 which provides in part that the United States may be named a party Defendant in any civil action to quiet title where the United States claims a lien, and upon 28 U.S.C. § 1340 which provides in part that the district courts have original jurisdiction over actions arising under the Internal Revenue laws.

This Court has heard oral argument of counsel, reviewed the Motions, the Memoranda in support, the depositions, and the exhibits, and for the reasons stated below, this Court finds that there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment as a matter of law.

II

The taxpayer and the Plaintiff met in approximately 1970 and lived together from that time until the time of their marriage on April 1, 1982. *See* Plaintiff's Exhibit 5, the Marriage License between Joanne Miele and John Miele. In 1979 John Miele purchased the subject property for $35,000 with a $9,000 down payment. This property was used by Miele Brothers Landscaping, Inc. from the time acquired by John in 1979 until the corporation was dissolved in 1983 and 1984.

In 1981, John Miele was arrested and charges were filed against him by the State of Florida which could have resulted in incarceration. In February or March of 1982, the Plaintiff discovered that she was pregnant. John was worried about the

prospect of going to prison and extremely concerned about providing for Joanne and the child. John's attorney suggested that he and Joanne enter into a prenuptial agreement. The Prenuptial Agreement was executed on April 1, 1982 and provided in part as follows:

2) JOANNE hereby waives, relinquishes, and releases all right, title, and interest in and to any and all of JOHN's separate property, accruing to, or vesting in her or in which she may otherwise be entitled pursuant to any present or future law of any state of the United States as JOHN's wife, widow, heir-at-law, next to kin, or distributee, upon or by virtue of a termination of the parties' marriage by death, divorce, dissolution, annulment, or otherwise, including, but not by way of limitation, such rights as dower, statutory or other allowances to a spouse of a decedent, distributions by way of intestacy, rights of election to take against JOHN's will, alimony, support, and/or other property settlement.

Plaintiff's Exhibit 1. This Agreement provided, among other things, that the property would be deeded from the taxpayer's own name to that of the Plaintiff's name. The Miele's hoped that the property would act as security for the Plaintiff's support and for the support of the child in the event that Mr. Miele should become incarcerated. On April 2, 1982, the taxpayer deeded the subject property to the Plaintiff pursuant to the terms and conditions of the Agreement. *See* Plaintiff's Exhibit 2.

On June 7, 1982, the United States made assessments for a 100% penalty tax in the amount of $13,330.60 for the trust fund taxes of Miele Bros. Landscaping, Inc. for the fourth quarter of 1981, against John Miele. On July 18, 1983, the United States made assessments for unpaid federal income taxes, penalties and interest, in the total amount of $3,807.42 and $12,136.26 respectively, for the years 1979 and 1980, against John Miele. On August 1, 1983, the United States made assessments for unpaid federal income taxes, penalties, and interest, in the total amount of $5,919.04, for the year 1981, against John Miele. On July 4, 1983, the United States made assessments for unpaid federal income taxes, penalties and interest, in the total amount of $5,823.13 for the year 1982, against John Miele. *See* Joint Pre-Trial Stipulation, 5B–E. The Notices of these assessments and demands for the payment were made upon John Miele on the same days. The amounts remain unpaid and outstanding. *See* Joint Pretrial Stipulation, 5B–E.

On September 13, 1984, the Internal Revenue Service filed a Notice of federal tax lien against Joanne Miele. The Notice asserted that the federal tax liens securing the tax liabilities of the taxpayer constituted liens upon the interest of Joanne Miele in and to the subject property involved in this action. *See* Plaintiff's Exhibit 3.

In June of 1984, the Taxpayer was incarcerated by the State of Florida as a result of the arrest which occurred in 1981. On September 10, 1984, the Plaintiff listed the property for sale as contemplated by the Pre-nuptial Agreement. *See* Plaintiff's Exhibit 6. On March 12, 1985, she secured an offer to purchase the property. *See* Plaintiff's Exhibit 7. The Federal Tax Lien prevented the Plaintiff from accepting this offer. The Plaintiff then brought this action to quiet title.

### III

The parties herein agree that John Miele's liability for the taxes is not an issue in this action. The question before this Court is whether the United States may set aside the transfer of the real property by the taxpayer to the Plaintiff as a fraudulent conveyance. After a careful examination of the facts and circumstances before the Court and application of the established principles of law, this Court answers this question in the negative and finds that the Plaintiff is entitled to a judgment entered in her favor.

■ The Internal Revenue Code provides for the imposition of a tax lien in favor of the United States upon all property and rights to property belonging to an individual who fails to pay his or her taxes. 26

U.S.C. § 6321. But, such a lien does not attach to property the taxpayer had previously transferred or to property he no longer owns. The fraudulent conveyance laws, however, provide an exception and permit the creditor to set aside a transfer that has been made to defeat the rights of the creditor. *See Commissioner v. Stern*, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126 (1958); *United States v. Hickox*, 356 F.2d 969 (5th Cir.1966).

▮ Florida has adopted the Uniform Fraudulent Conveyance Act. Fla.Stat. § 726.01 et seq. (1985) consists of essentially two parts, the first of which provides:

> Every ... conveyance, transfer and assignment of lands ... contrived or devised of fraud, covin, collusion or guile, to the end, purpose or intent to delay, hinder or defraud creditors ... shall be from henceforth ... deemed, held, adjudged and taken to be utterly void.

This Court finds that with respect to this portion of the statute, none of what the Defendant, United States, refers to as the "badges of fraud" are present. *See Cleveland Trust Company v. Foster*, 93 So.2d 112, 114 (Fla.1957); *Green v. Casper*, 346 So.2d 1204, 1205 (Fla. 3rd DCA 1977).

In particular, this Court can not accept the Government's contention that the transfer was without valuable or adequate consideration. Not only was there a promise of marriage, a promise that has been deemed sufficient, *Camblin v. Miller*, 280 So.2d 61, 62 (Fla. 1st DCA 1973), quoting *Scoville v. Scoville*, 40 So.2d 840, 843 (Fla. 1949), but there was also a waiver of other marital rights. In the Agreement of April 1, 1982, quoted above, John Miele agreed to convey the title to the lot in exchange for Joanne's consent to waive all rights in any other property owned by John Miele during marriage. Within this Agreement, Joanne Miele did relinquish some valid marital rights.

The Government presses its point that since John Miele had no separate property at the time of this Agreement, then there was nothing Joanne, in actuality, was giving up. The Plaintiff counters this contention and the Government's insistence that John Miele was insolvent by listing various assets in the taxpayer's name at the time he deeded the property to his wife and referring to Defendant's Exhibit 13, the Personal Financial Statement of John Miele on October 12, 1981. This Court, however, refrains from determining what jewelry, furniture, cars, real estate, life insurance and business interests John Miele possessed and finds that the waiver of said marital rights was sufficient consideration. Joanne Miele was relinquishing some valuable rights, ones that could and indeed might arise in the future. This Court simply refuses to find that because an individual is imprisoned or has debts, he is confined to that sorry lot for the span of his entire life and may never emerge free or financially sound. Such an assertion would constitute nothing less than a denial of the transitoriness of human affairs.

Further, this Court is not of the view that the taxpayer herein has made the conveyance of the property to the Plaintiff as part of a fraudulent scheme. Even a finding of intended fraud on the part of the taxpayer would not, however, automatically permit the United States to set aside the conveyance. The Fraudulent Conveyance Statute contains a second part which is also applicable to the matter *sub judice*:

> [T]his section, or anything therein contained, shall not extend to any estate or interest in lands, tenements, hereditaments, leases, rents, uses, commons, profits, goods or chattels which shall be had, made, conveyed or assured if such estate shall be, upon good consideration and bona fide, lawfully conveyed or assured to any person or persons, or body politic or corporate, not having at the time of such conveyance or assurance to them made any manner of notice or knowledge of such covin, fraud or collusion as aforesaid, anything in this section to the contrary notwithstanding.

The Plaintiff, Joanne Miele, falls within the ambit of this exception. In *Green v. Casper*, 346 So.2d 1204 (Fla. 3rd DCA 1977), the court denied a petition to set aside a

fraudulent conveyance. In affirming, the District Court of Appeal stated:

A conveyance of property for the consideration of marriage pursuant to an antenuptial settlement is not fraudulent as to creditors on the ground of want of consideration and even though made with fraudulent design by the transfer, it should not be set aside without the clearest proof of the wife's participation in the intended fraud.

*Id* at 1205, citing *Dova v. Hancock,* 102 So. 646 (Fla.1924).

This Court finds the record herein to be devoid of any evidence demonstrating that the Plaintiff participated in an alleged fraud. The Government itself states:

Joanne was not knowledgeable about John's taxes. She did not know that John had not filed his tax returns for 1979, 1980, 1981 and 1982 when the title to the lot was conveyed to her on April 1, 1982 (John Dep. 29, lines 1–9)

*See* Memorandum in Support of the Motion for Summary Judgment of the Defendant, the United States of America, at page 15. It is also apparent to this Court that this Plaintiff had little involvement in her husband's financial affairs. She had no knowledge of the taxpayer's creditors and had nothing to do with his business dealings. The taxpayer and the Plaintiff had never filed joint tax returns. For Joanne Miele, the Prenuptial Agreement served one purpose—security. The property was deeded to the Plaintiff so that she could sell it and use the funds to provide for herself and for her baby. In the absence of any evidence of intended fraud by the taxpayer or the Plaintiff's participation in an alleged fraud, this Court declines to set aside the transfer of the lot from the taxpayer to the Plaintiff.

### IV

In sum, it is hereby,

ORDERED AND ADJUDGED that there is no genuine issue as to any material fact and that the Plaintiff is entitled to Judgment as a matter of law. As a matter of law the conveyance between the taxpayer and the Plaintiff is a bona fide and lawful conveyance and may not be set aside pursuant to Fla.Stat. § 726.01 (1985). Plaintiff's title in the subject property should be declared superior to all liens claimed by the Defendant and an Order Quieting Title in favor of the Plaintiff should be entered.

The Plaintiff is hereby directed to file within ten (10) days of the date of entry of this Order, a Final Judgment in accordance with the same.