WARNER, Judge,
concurring specially.
With respect to the marital home and the commercial property, the trial court said in its final judgment, “The testimony concerning transfer of property for deceptive purposes is self-serving and not worthy of belief.” The wife had argued below that the husband had transferred the properties to avoid creditors and thus being with unclean hands, could not seek to recover these properties in these proceedings, citing Studdle v. Studdle, 267 So.2d 688 (Fla. 2nd DCA 1972), and Marcel v. Marcel, 132 So.2d 210 (Fla. 2nd DCA 1961). I gather from the above statement that the trial court disregarded that argument, with which I am in accord. Both Studdle and Marcel predate Ball v. Ball, 335 So.2d 5 (Fla.1976) and Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), and we are now governed by the standards enunciated in those latter two opinions with respect to consideration of special equity and equitable distribution. Furthermore, even if these properties were transferred to the wife to avoid creditors, there was no proof before the trial judge that any creditor was in fact hindered by the conveyance. Sponholtz v. Sponholtz, 190 So.2d 572 (Fla. 1966); Steele v. Lannon, 355 So.2d 190 (Fla. 2d DCA 1978). Thus, there was no basis on this ground to exclude their consideration as marital assets, subject to claims of special equity.