COPE, Judge
(dissenting).
I respectfully dissent. The summary judgment should be reversed.
The appellant, Frank Arwood, cohabited for many years with Vaughn Robinson, now deceased. They held themselves out as being husband and wife, although they were not married. In 1982 Arwood purchased a house, and supplied all of the consideration for the purchase. Title was taken as Frank Arwood and Vaughn Ar-wood, his wife. In 1985 they executed a warranty deed to the decedent alone, the consideration being recited as “love and affection.”
After the decedent’s demise, Arwood submitted a claim in probate, to which the personal representative objected. Arwood then filed a complaint for declaratory judgment. He contends that he is entitled to the imposition of a resulting trust or constructive trust on the residence and on two bank accounts held in the decedent’s sole name which were used for operation of appellant’s business.
*1253 In granting summary judgment, the trial court essentially relied on a presumption that the transfers were gifts. In so doing, the trial court erred.
“[I]t is well settled that where the purchase money of land is paid by one person, and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who pays the purchase price.” Pyle v. Pyle, 53 So.2d 312, 313-14 (Fla.1951) (citation omitted). The trial court relied on an exception to this rule: where the legal title is taken in the name of a person for whom the purchaser has a legal or moral obligation of support, such as a family member, then a presumption of gift will arise. See, e.g., Safford v. McCaskill, 157 Fla. 133, 25 So.2d 210, 212 (1946); Dames v. Dames, 149 So.2d 570, 571-72 (Fla. 3d DCA), cert. denied, 155 So.2d 616 (Fla.1963).
In the present ease there has been cohabitation without marriage, and where that is so, the presumption is reversed: a presumption will arise in favor of a resulting trust, rather than a gift. See Williams v. Bullington, 159 Fla. 618, 32 So.2d 273, 275-76 (1947).[1] Moreover, even where there is a presumption of gift, the presumption is not conclusive and may be rebutted by proof of the real intention of the payor. Dames v. Dames, 149 So.2d at 572. The intent of the parties cannot be established from the operative documents, but must be established by other evidence. See Hiestand v. Geier, 396 So.2d 744, 747 (Fla. 3d DCA), review denied, 407 So.2d 1103 (Fla.1981).
The record reflects that there are disputed issues of material fact with respect to the resulting and constructive trust issues.[2] Arwood presented the affidavit of a nephew, who is a disinterested person for purposes of the Deadman’s Statute, § 90.602, Fla.Stat. (1989), supporting Ar-wood’s contentions. The personal representative offered substantial portions of Arwood’s testimony in support of her motion for summary judgment. That being so, there has been a waiver of the Dead-man’s Statute as to the subject matter of the oral communications, see § 90.602(2)(b), Fla.Stat. (1989), so that the corresponding portions of Arwood’s affidavit are also admissible. See generally Briscoe v. Florida National Bank, 394 So.2d 492, 493 (Fla. 3d DCA 1981); C. Ehrhardt, Florida Evidence § 602.1, at 270-72 (2d ed. 1984).[3] In short, the applicable presumption in this case operates in Arwood’s favor, not against him; but even if there were a presumption in favor of there having been a gift, there is sufficient evidence in this record to create a triable issue of fact.[4]
For the reasons stated, the summary judgment should be reversed and the case remanded for further proceedings.

. On analogous facts a constructive trust has been held to be an available remedy. Williams v. Grogan, 100 So.2d 407, 410 (Fla.1958).

. The cases of Abreu v. Amaro, 534 So.2d 771 (Fla. 3d DCA 1988) and Hiestand v. Geier, 396 So.2d 744, are not to the contrary. Both of those cases involve the question whether the plaintiff had met his burden of proof at a plenary trial on the merits. The present appeal is from a summary judgment, as to which it is axiomatic the moving party bears the burden of showing the nonexistence of any disputed issue of material fact. That showing has not been made here.

. The exact scope of the waiver is not material for this appeal.

.A troublesome aspect of the case, not before us on this appeal, is Arwood’s admission that the assets were placed in decedent’s name in order to protect him from creditors. The Florida Supreme Court has held that such an intention will not bar the imposition of a resulting trust unless there is an actual fraud on creditors. Sponholtz v. Sponholtz, 190 So.2d 572, 573 (Fla.1966); Steele v. Lannon, 355 So.2d 190, 192 (Fla. 2d DCA 1978). Moreover, ”[f]raud is not presumed, but must be established by the party relying upon it.” Sponholtz v. Sponholtz, 190 So.2d at 573 (citations omitted). The defense of unclean hands would be available to the personal representative at trial if the criteria of Spon-holtz were met.