SHARP, W„ J.
Ranieri appeals from the trial court’s order, which granted PainCare Holdings, Inc.’s (PainCare) motion to dismiss his First Amended Complaint with prejudice. Ranieri sued PainCare, his former employer, after PainCare terminated him without cause. We affirm.
On December 20, 2002, Ranieri executed an employment agreement with PainCare, which expressly provided that he could be terminated without cause. Ranieri’s employment commenced on December 20, 2002 and was to continue for a three year period, through December 20, 2005, unless it was not renewed, or terminated according to the specific terms in the contract.
Ranieri moved from Palm Beach County, Florida, to Denver, Colorado with his family to work for PainCare. However, on May 15, 2003, PainCare unilaterally terminated Ranieri without cause.[1] Ranieri filed suit against PainCare in July of 2003. The First Amended Complaint contained two counts: one for breach of contract and the other for fraudulent inducement. Subsequently, PainCare filed this motion to dismiss, and a hearing was held below. After the hearing, the trial court granted the motion.
In the final order, the trial court found: [T]he language, “Any other termination” as used in Section 7.2 of the Agreement is plain and unambiguous and specifically allowed Defendant to terminate Plaintiff without cause, and *107 that such language is directly contradictory to a claim for breach of contract or fraudulent inducement based upon Plaintiff’s early termination without cause, [citations omitted] (emphasis added)
Ranieri claims on appeal, as he did below, that the language regarding termination of the agreement is ambiguous. The agreement contains two sections regarding termination without cause. They provide:
7.2 Termination Without Cause.

This Agreement and the employment of Employee may be terminated “Without Cause” as follows:

(a) By mutual agreement of the parties hereto
(b) At the election of the Company by giving not less than ten (10) days prior written notice to Employee in the event of an illness or incapacity described in Article 5.1.
(c) Upon Employee’s death.
(d) Any other termination of this agreement by the Company other than “for cause.” (emphasis added)
[[Image here]]
7.4 Effect of Termination Without Cause. If Employee’s employment is terminated “Without Cause”:
(a) Employee shall be entitled to one month’s base salary.
(b) Employee shall be entitled to reimbursement for expenses accrued through the date of termination in accordance with the provisions of Section 4.1 hereof.
(c) All unvested Option Shares granted to Employee shall immediately vest in full.
(d)Except as provided in Article XI,[2] this Agreement shall' thereupon terminate and cease to be of any further force or effect.
At the hearing on the motion to dismiss, the judge questioned the meaning of the language “any other termination of this agreement,” contained in section 7.2(d). Ranieri’s counsel responded that, the language “could” mean that after the three years [and the agreement had been fully executed] were up, PainCare did not have to renew the agreement. PainCare’s counsel argued that it meant any other termination for cause (section 7.1) and any other termination without cause, other than 7.2(a), (b), or (c). The judge granted the motion to dismiss because he found that the language included terms of ordinary understanding and “probably means that this agreement could be terminated for any other reason than reasons for cause.”
The question of contract interpretation is one of law, and an order granting a motion to dismiss is reviewable on the de novo standard of review. Sobi v. Fairfield Resorts, Inc., 846 So.2d 1204, 1207 (Fla. 5th DCA 2003). An appellate court reviews an order dismissing an amended complaint, by looking at the four corners of the complaint. See Everidge v. Advantage Venture Partners, Ltd., 880 So.2d 691 (Fla. 5th DCA 2004); Fox v. Professional Wrecker Operators of Fla., Inc., 801 So.2d 175 (Fla. 5th DCA 2001). See also Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562, 563 (1941). Further, it is not the province of the appellate court to rewrite a contract to relieve a party from an improvident bargain. See Green v. Life & Health of America, 704 So.2d 1386, 1391 (Fla.1998); Dickerson Florida, Inc. v. McPeek, 651 So.2d 186, 187 (Fla. 4th DCA 1995).
*108 We find that the language in this contract is clear and unambiguous, as found by the trial court. Ranieri argued below that the language in section 7.2(d) “could” mean that PainCare did not have to renew the agreement. However, after reviewing the agreement we find that there was no obligation on PainCare’s part to renew the agreement. The only logical meaning of this language is that found by the trial court: PainCare could terminate Ranieri at anytime, without cause.
AFFIRMED.
SAWAYA, CJ., and PETERSON, J., concur.

. Pursuant to the agreement, PainCare was required to provide Ranieri with a comprehensive severance package, which it did.

. There is no article XI in the agreement.