PER CURIAM.
Appended to this order are the amended and new rules of the Florida Rules of Civil Procedure together with forms for use with the rules, which will govern all proceedings within their scope after 12:01 a. m., January I, 1981. Deletions are indicated by the use of struck-through type. New language is indicated by underscoring.
For guidance of the committee we offer the following reasons for rejecting certain proposed rules and modifying others.
Rule 1.055 (peremptory challenge to judge). Proposed Rule 1.055 was rejected partly because Florida law already provides adequately for judge disqualification. Perhaps more importantly, adoption of the rule would lead to judge-shopping and an administrative morass, particularly in less populous circuits where the result would be unequal distribution of judicial caseloads.
Rule 1.100 (pleadings and motions). Among other reasons, the Court decided to retain intact present Rule 1.100 because the proposed rule cast doubt on the compulsory nature of counterclaims. The asserted deficiencies in Rule 1.100 were not perceived to be so compelling as to override the salutary effects that have inured from operation of the rule as it now stands.
Rule 1.221 (condominium association as a party). Proposed Rule 1.221 was rejected for the reasons expressed in Avila South Condominium Ass’n, Inc. v. Kappa Corp., 347 So.2d 599 (Fla.1977), and The Florida Bar, In re Rule 1.220(b), Florida Rules of Civil Procedure, 353 So.2d 95 (Fla.1977). In short, a condominium association is a unique entity formed and operated to advance the common interests of the unit owners. The procedural requirements of the proposed rule are more appropriately considered as political matters to be addressed within the organizational and political framework of the association.
Rule 1.222 (derivative actions by shareholders). Proposed Rule 1.222 was rejected because it is incompatible with substantive and decisional law regarding the nature of derivative actions.
Rules 1.300 and 1.310 (depositions). Unfortunately, the committee’s well-intentioned attempt to incorporate new methods of transcription and reporting into the conventional language and practices of the present rule results only in confusion. The matter is therefore referred back to the committee for study and drafting of an entirely new rule. The committee is directed not to await the next rules cycle, but is to submit its proposal as soon as practicable for consideration by the Court.
Rule 1.340 (interrogatories to parties). Proposed Rule 1.340 is adopted as revised, but the committee is further directed to continue study and report the feasibility of imposing reasonable limitations on dis *166 covery practice so as to reduce court costs and delay.
Rule 1.432 (disqualification of judge). Rule 1.432, as revised by this Court, is adopted. The Bar’s proposed Rule 1.432 was rejected because it dealt with matters of substantive law.
Rule 1.450(e) (reference to insurance in medical malpractice actions). Subsequent to filing of the committee’s petition recommending rule changes, this Court filed its decision in Aldana v. Holub, 381 So.2d 231 (Fla.1980) which held unconstitutional the medical mediation act. This rule was promulgated in the decision which originally declared the medical mediation act constitutional. Carter v. Sparkman, 335 So.2d 802 (Fla.1976). The Court solicits the views of the committee as well as other interested parties concerning the continuing appropriateness of this rule as well as a similar rule for other types of actions. See Markert v. Johnston, 367 So.2d 1003 (Fla.1978) (Aider-man, J. concurring specially). Proposals on this issue are to be submitted as soon as practicable for consideration by the Court.
Rule 1.482 (findings by the court). The practical difficulties in requiring trial courts to prepare written findings of fact and conclusions of law in every case compel the rejection of proposed Rule 1.482. Attorneys are encouraged, however, to continue to submit proposed findings of fact and conclusions of law for the court’s consideration, with copies to opposing counsel in sufficient time for review and comment.
Rule 1.510(c) (summary judgment). The proposed rule was rejected because it is merely a restatement of the law as it now exists.
Proposal of Legal Services of Greater Miami (waiver of court fees for indigents). The proposed rule submitted by Legal Services of Greater Miami was rejected as being a matter of substantive law.
All rules and statutes in conflict with the following rules are hereby superseded as of their effective date, and any statute not superseded shall remain in effect as a rule promulgated by the Supreme Court.
The committee notes are not adopted by the Court.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
RULE 1.010 SCOPE AND TITLE OF RULES
These rules apply to all suits actions of a civil nature and all special statutory proceedings in the circuit courts and civil county courts of record and other trial courts except those to which the probate and guardianship rules or the summary claims procedure rules apply, but The form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known as the Florida Rules of Civil Procedure, and may be cited as Fla.R.Civ-;P.
RULE 1.060 TRANSFERS OF ACTIONS
(b) Wrong Venue. When any action is filed laying venue in the wrong county or district, the court may transfer the action in the manner provided in Rule 1.170(j) to the proper court in any county or district where it might have been brought in accordance with the venue statutes. When the venue might have been laid in two or more counties or districts, the person bringing suefe the action may select the county or district to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.
RULE 1.070 PROCESS
(i) Pleading Basis. When service of process is to be made under statutes authorizing service on nonresidents of Florida, it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service.
Committee Note: Subdivision (i) is added in 1980 to eliminate pleading evidentiary facts for “long arm” service of process. It *167 is based on the long standing principle in service by publication that pleading the basis for service is sufficient if it is done in the language of the statute. See McDaniel v. McElvy, 91 Fla. 770, 108 So. 820 (1926). Confusion has been generated in the decisions under the “long arm” statute. See Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla.1957); Hartman Agency, Inc. v. Indiana Farmers Mutual Insurance Co., 353 So.2d 665 (Fla.2d DCA 1978); and Drake v. Scharlau, 353 So.2d 961 (Fla.2d DCA 1978). The amendment is not intended to change the distinction between pleading and proof as enunciated in Elmex Corp. v. Atlantic Federal Savings & Loan Association of Fort Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976). It is intended to eliminate the necessity of pleading evidentiary facts as well as those of pecuniary benefit that were used in the Elmex case. The amendment is limited to pleading. If the statutory allegations are attacked by motion, the pleader must then prove the evidentiary facts to support the statutory requirements. If denied in a pleading, the allegations must be proved at trial. Otherwise, the allegations will be admitted under Rule 1.110(e).
RULE 1.090 TIME
(e) Additional Time After Service by Mail. When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three five days shall be added to the prescribed period.
RULE 1.170 COUNTERCLAIMS AND CROSSCLAIMS
(f) Omitted Counterclaim or Crossclaim. When a pleader fails to set up a counterclaim or crossclaim through oversight, inadvertence or excusable neglect or when justice requires, the pleader may set up the counterclaim or crossclaim by amendment with leave of the court.
RULE 1.190 AMENDED AND SUPPLEMENTAL PLEADINGS
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party, and Leave of court shall be given freely when justice so requires. A party shall plead in response to an amended pleading within 20 days after service of the amended pleading unless the court otherwise orders. Provided that if a motion or pleading has been served in response to a prior pleading and a party docs not plead or move in response to the amended pleading, the original response shall be considered as pleaded-to the amended pleading.
Committee Note: The last clause of subdivision (a) was deleted to restore the decision in Scarfone v. Denby, 156 So.2d 694 (Fla.2d DCA 1963). The adoption of Rule 1.500 requiring notice of an application for default after filing or serving of any paper eliminates the need for the clause. This will permit reinstatement of the procedure in federal practice and earlier Florida practice requiring a response to each amended pleading, thus simplifying the court file under the doctrine of Dee v. Southern Brewing Co., 146 Fla. 588, 1 So.2d 562 (1941).
RULE 1.210 PARTIES
Subdivisions (c) and (d) of Rule 1.210 are hereby repealed.
Committee Note: Both of these subdivisions are obsolete. They were continued in effect earlier because the committee was uncertain about the need for them at the time. Subdivision (c) has been supplanted by section 737.402(2)(z), Florida Statutes (1979), that gives trustees the power to prosecute and defend actions, regardless of the conditions specified in the subdivision. The adoption of section 733.212, Florida Statutes (1979), eliminates the need for subdivision (d) because it provides an easier and less expensive method of eliminating the interests of an heir at law who is not a beneficiary under the will. To the extent that an heir at law is an indispensable party *168 to a legal proceeding concerning a testamentary trust, due process requires notice and an opportunity to defend, so the rule would be unconstitutionally applied.
RULE 1.220 CLASS ACTIONS
[NEW]
(a) Prerequisites to Class Representation. Before any claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
(b) Claims and Defenses Maintainable. A claim or defense may be maintained on behalf of a class if the court concludes that the prerequisites of subdivision (a) are satisfied, and, in addition that:
(1) the prosecution of separate claims or defenses by or against individual members of the class would create a risk of either:
(A) inconsistent or varying adjudications concerning individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(B) adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adju- ■ dications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to all the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate; or
(3)the claim or defense is not maintainable under either subdivision (b)(1) or (b)(2), but that the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The conclusions shall be derived from consideration of all relevant facts and circumstances, including (A) the respective interests of each member of the class in individually controlling the prosecution of separate claims or defenses; (B) the nature and extent of any pending litigation to which any member of the class is a party and in which any question of law or fact controverted in the subject action is to be adjudicated; (C) the desirability or undesirability of concentrating the litigation in the forum where the subject action is instituted; and (D) the difficulties likely to be encountered in the management of the claim or defense on behalf of a class.
(c)Pleading Requirements. Any pleading, counterclaim or crossclaim alleging the existence of a class shall contain the following:
(1) Next to its caption the designation: “Class Representation.”
(2) Under a separate heading, designated as “Class Representation Allegations,” specific recitation of:
(A) the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class;
(B) the questions of law or fact that are common to the claim or defense of the representative party and the claim or defense of each member of the class;
(C) the particular facts and circumstances that show the claim or defense advanced by the representative party *169 is typical of the claim or defense of each member of the class;
(D) (i) the approximate number of class members, (ii) a definition of the alleged class, and (iii) the particular facts and circumstances that show the representative party will fairly and adequately protect and represent the interests of each member of the class; and
(E) the particular facts and circumstances that support the conclusions required of the court in determining that the action may be maintained as a class action pursuant to the particular provision of subdivision (b) under which it is claimed that the claim or defense is maintainable on behalf of a class.
(d) Determination of Class Representation: Notice: Judgment: Claim or Defense Maintained Partly on Behalf of a Class.
(1)As soon as practicable after service of any pleading alleging the existence of a class under this rule and before service of an order for pretrial conference or a notice for trial, after hearing the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class on the application of any party or on the court’s initiative. Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based. In making the determination the court (A) may allow the claim or defense to be so maintained, and, if so, shall state under which subsection of subdivision (b) the claim or defense is to be maintained; (B) may disallow the class representation and strike the class representation allegations or (C) may order postponement of the determination pending the completion of discovery concerning whether the claim or defense is maintainable on behalf of a class. If the court rules that the claim or defense shall be maintained on behalf of a class under subdivision (b)(3), the order shall also provide for the notice required by subdivision (d)(2). If the court rules that the claim or defense shall be maintained on behalf of a class under subdivision (b)(1) or subdivision (b)(2), the order shall also provide for the notice required by subdivision (d)(2), except when a showing is made that the notice is not required, the court may provide for another kind of notice to the class as is appropriate. When the court orders postponement of its determination, the court shall also establish a date, if possible, for further consideration and final disposition of the motion. An order under this subsection may be conditional and may be altered or amended before entry of a judgment on the merits of the action.
(2) As soon as is practicable after the court determines that a claim or defense is maintainable on behalf of a class, notice of the pendency of the claim or defense shall be given by the party asserting the existence of the class to all the members of the class. The notice shall be given to each member of the class who can be identified and located through reasonable effort and shall be given to the other members of the class in the manner determined by the court to be most practicable under the circumstances. Unless otherwise ordered by the court, the party asserting the existence of the class shall initially pay for the cost of giving notice. The notice shall inform each member of the class that (A) any member of the class who files a statement with the court by the date specified in the notice asking to be excluded shall be excluded from the class; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may make a separate appearance within the time specified in the notice.
(3) The judgment determining a claim or defense maintained on behalf of a class under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those persons whom the court finds to be members of the class. The judgment determining a claim or defense maintained on behalf of a class under subdivision (b)(3), whether or not favorable to *170 the class, shall include and identify those to whom the notice provided in subdivision (d)(2) was directed, who have not requested exclusion and whom the court finds to be members of the class.
(4) When appropriate (A) a claim or defense may be brought or maintained on behalf of a class concerning particular issues, or (B) class representation may be divided into subclasses, each subclass may be treated as a separate and distinct class and the provisions of this rule shall be applied accordingly.
(e) Dismissal or Compromise. After a claim or defense is determined to be maintainable on behalf of a class under subdivision (d), the claim or defense shall not be voluntarily withdrawn, dismissed or compromised without approval of the court after notice and hearing. Notice of any proposed voluntary withdrawal, dismissal or compromise shall be given to all members of the class as the court directs.
Committee Note: The class action rule has been completely revised to bring it in line with modern practice. The rule is based on Federal Rule 23, but a number of changes have been made to eliminate problems in the federal rule through court decisions. Generally, the rule provides for the prerequisites to class representation, an early determination about whether the claim or defense is maintainable on behalf of a class, notice to all members of the class, provisions for the members of the class to exclude themselves, the form of judgment and the procedure governing dismissal or compromise of a claim or defense maintained on behalf of a class. The prerequisites of subdivision (a) are changed from those contained in Federal Rule 23 only to the extent necessary to incorporate the criteria enunciated in Port Royal v. Conboy, 154 So.2d 734 (Fla.2d DCA 1963). The notice requirements have been made more explicit and stringent than those in the federal rule.
RULE 1.221 CONDOMINIUM ASSOCIATIONS
After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this section, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this section. Nothing herein limits any statutory or common law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of Rule 1.220.
Committee Note: The present rule relating to condominium associations [1.220(b)] is left intact but renumbered as Rule 1.221.
RULE 1.290 DEPOSITIONS BEFORE ACTION OR PENDING APPEAL
Subdivision (d) of Rule 1.290 is hereby repealed.
Committee Note: Subdivision (d) is repealed because depositions de bene esse are obsolete. Rules 1.280 and 1.310 with the remainder of this rule cover all needed deposition circumstances and do so better. Subdivision (d) was taken from former chapter 63, Florida Statutes, and is not a complete procedure without reference to the parts of the statute not carried forward in the rule.
RULE 1.340 INTERROGATORIES TO PARTIES
(c) Option to Produce Business Records. When the answer to an interrogatory may be derived or ascertained from the records of the party to whom the interrogatory is directed or from an examination, audit or *171 inspection of the records or from a compilation, abstract or summary based on them the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, it is a-suffioient an answer to the interrogatory to-specify specifying the records from which the answer may be derived or ascertained and to offor offering to give the party serving the interrogatory a reasonable opportunity to examine, audit or inspect the records and to make copies, compilations, abstracts or summaries is a sufficient answer.
(e) Form. The interrogatories Interrogatories shall be so arranged so that a blank space shall be is provided after each separately numbered interrogatory. The space shall be reasonably calculated sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional papers with answers and refer to them in the space provided in the interrogatories. The original of the interrogatories and a copy of the interrogatories shall be served on the party to whom the interrogatories are directed and copies on all other parties, as provided in Rule 1.080.-There shall-be filed with-the court-as provided in Rule-L080(d) only-an executed A certificate of service or an attached notice that the interrogatories have been served, giving the date of service, the number of interrogatories served and the name of the party to whom they were directed shall be filed. When the original intorrogator-ies4iavo been completed by-tho answering party, they The completed interrogatories shall be filed and copies served as pre-vided-in Rule 1.080 bv the answering party.
RULE 1.350 PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES
(b) Procedure. Without leave of court the request may be served upon on the plaintiff after commencement of the action and upon on any other party with or after service of the process and initial pleading upon on that party. The request shall set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading upon on that defendant. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request. The party submitting the request may move for an order under Rule 1.380(a) concerning any objection, or other failure to respond to the request, or any part of it, or any failure to permit inspection as requested.
Committee Note: Subdivision (b) is amended to require production of documents as they are kept in the usual course of business or in accordance with the categories in the request.
[NEW]
RULE 1.351 PRODUCTION OF DOCUMENTS AND THINGS WITHOUT DEPOSITION
(a) Request: Scope. A party may seek inspection and copying of any documents or things within the scope of Rule 1.350(a) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.
*172 (b) Procedure. A party desiring production under this rule shall give notice to every other party of the intent to serve a subpoena under this rule at least ten days before the subpoena is issued. The proposed subpoena shall be attached to the notice and shall state the time, place and method for production of the documents or things, the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs, shall include a designation of the items to be produced, shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. If any party serves an objection to production under this rule within 10 days of service of the notice or the person upon whom the subpoena is to be served objects at any time before the production of the documents or things, the documents or things shall not be produced under this rule.
(c) Subpoena. If no objection is made by a party under subdivision (b), the clerk shall issue a subpoena for the production of the documents or things in accordance with the notice and deliver it to the party serving the notice. The subpoena shall require production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts his business.
(d) Copies Furnished. If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (c), the party receiving the copies shall furnish a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.
(e)Independent Action. This rule does not affect the right of any party to bring an independent action for production of documents and things or permission to enter upon land.
Committee Note: This rule is designed to eliminate the need for taking a deposition of a records custodian when the person seeking discovery wants copies of the records only. It authorizes objections by any other party as well as the custodian of the records. If any person objects, recourse must be had to Rule 1.310.
RULE 1.400 PUBLICATION OF DEPOSITION
Upon the filing of any deposition or affidavit taken-on-any rule or statute it shall be deemed publishedy-unless Unless otherwise ordered by the court, and (11 anv deposition may be opened and examined by any party person in-the presence under the supervision of the clerk or (2) The the clerk may unseal the deposition and file it with the other papers in the court file.
Committee Note: The right to open and examine a deposition is expanded to include any person. The requirement that the deposition be opened and examined in the presence of the court is deleted and a requirement that it be done under the clerk’s supervision is substituted. This accords with actual practice.
RULE 1.410 SUBPOENA
(c) Service. A subpoena may be served by any person authorized by law to serve process or by any other person who is not a party and who is not less than eighteen years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the foe for one day’s attendance and the mileage allowed by law. as provided by law. Proof of such service shall be made by affidavit of the person *173 making service if not served by an officer authorized by law to do so.
Committee Note: Subdivision (c) is' revised to conform with section 48.031, Florida Statutes (1979).
RULE 1.420 DISMISSAL OF ACTION
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staving the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least five days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.
Committee Note: Subdivision (e) has been amended to except from the requirement of record activity a stay that is ordered or approved by the court.
RULE 1.431 TRIAL JURY
(g) The subtitle for subdivision (g) was inadvertently omitted. “Interview of a Juror” should be inserted immediately behind “(g).”
[NEW]
RULE 1.432 DISQUALIFICATION OF JUDGE
(a) Grounds. Any party may move to disqualify the judge assigned to the action on the grounds provided by statute.
(b) Contents. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.
(c) Time. A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.
(d) Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
(e)Judge’s Initiative. Nothing in this rule limits a judge’s authority to enter an order of disqualification on the judge’s own initiative.
Committee Note: The rule is intended to unify the procedure for disqualification.
RULE 1.440 SETTING CASE FOR TRIAL
(b) Notice for Trial. Thereafter any party may file and serve a notice that the action is at issue and ready to be set for trial. The notice shall include an estimate of the time required* and whether it the trial is to be tried by a jury or not and whether the trial is on the original action or a subsequent proceeding. The clerk shall then submit the notice and the case file to the court.
Committee Note: Subdivision (b) is' amended to specify whether the trial will be on the original pleadings or subsequent pleadings under Rule 1.110(h).
RULE 1.442 OFFER OF JUDGMENT
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. *174 The fact that an offer is made but not accepted does not preclude a subsequent offer.- When the liability of one party to another has been determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability. This rule shall not apply to actions or matters related to dissolution of marriage, alimony, nonsupport or child custody.
Committee Note: The addition concerning filing makes specific what was implicit in the rule earlier and is not intended to change the operation of the rule. The exclusion concerning domestic matters was made to avoid problems arising from the nature of domestic matters that preclude an effective determination of “more favorable” under the rule, particularly in assessing offers concerning child custody.
RULE 1.460 CONTINUANCES
(a) Motion For. — A motion-for continu anee may be made only before or at tho time the case is set for trial, unloss good cause for failure to do so is shown or unless the ground for tho motion arose after tho action was set for trial.
(b) Contents. — The A motion for continuance shall be in writing unless made at a trial or hearing, it The motion shall state fully and clearly all of the facts which that the movant conceives contends may entitle him to a continuance. If a continuance is sought on the ground of non-availability of a witness, the motion must show when it is believed the witness will be available.
(e) For What Time: — No—continuance shall- be granted for any longer time than the ends of justice requires:
Committee Note: Subdivision (a) was initially adopted when trials were set at a docket sounding prescribed by statute. Even then, the rule was honored more in the breach than the observance. Trials are no longer uniformly set in that manner and continuances are granted generally without reference to the rule. Under the revised rule motions for continuance can be filed at any time that the need arises and need not be in writing if the parties are before the court.
RULE 1.490 MASTERS
(d) General Powers and Duties. Every master shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court. Process issued by a master shall be directed to all and singular of the shor-iff-s-of-the-State as provided by law. Hearings before any master, examiner or commissioner shall be held in the county m which where the action is pending, but hearings may be held at any place by order of the court within or without the State to meet the convenience of the witnesses or the parties. All grounds of disqualification of a circuit judge shall apply to masters.
Committee Note: Subdivision (d) is amended to delete the specific reference to the direction of process so that process issued by the master will be governed by the law applicable to process generally.
RULE 1.570 ENFORCEMENT OF FINAL JUDGMENTS
[SUBSTANTIAL REWORDING OF PRIOR RULE]
(a) Money Judgments. Final process to enforce a judgment solely for the payment of money shall be by execution, writ of garnishment or other appropriate process or proceedings.
(b) Property Recovery. Final process to enforce a judgment for the recovery of property shall be by a writ of possession for real property and by a writ of replevin, distress writ, writ of garnishment or other appropriate process or proceedings for other property.
(c) Performance of an Act. If judgment is for the performance of a specific act or contract:
(1) the judgment shall specify the time within which the act shall be performed. If the act is not performed within the time specified, the party seeking enforcement of the judgment *175 shall make an affidavit that the judgment has not been complied with within the prescribed time and the clerk shall issue a writ of attachment against the delinquent party. The delinquent party shall not be released from the writ of attachment until he has complied with the judgment and paid all costs accruing because of the failure to perform the act. If the delinquent party cannot be found, the party seeking enforcement of the judgment shall file an affidavit to this effect and the court shall issue a writ of sequestration against the delinquent party’s property. The writ of sequestration shall not be dissolved until the delinquent party complies with the judgment; or
(2) the court may hold the disobedient party in contempt; or
(3) the court may appoint some person, not a party to the action, to perform the act insofar as practicable. The performance of the act by the person appointed shall have the same effect as if performed by the party against whom the judgment was entered.
(d) Vesting Title. If the judgment is for a conveyance, transfer, release or acquittance of real or personal property, the judgment shall have the effect of a duly executed conveyance, transfer, release or acquittance that is recorded in the county where the judgment is recorded. A judgment under this subdivision shall be effective notwithstanding any disability of a party.
Committee Note: This rule has been subdivided and amended to make it more easily understood. No change in the substance of the rule is intended. Subdivision (d) is partly derived from Federal Rule 70.
RULE 1.580 WRIT OF ASSISTANCE POSSESSION
[SUBSTANTIAL REWORDING OF PRIOR RULE]
(a) Issuance. When a judgment or order is for the delivery of possession of real property, the judgment or order shall direct the clerk to issue a writ of possession. The clerk shall issue the writ forthwith and deliver it to the sheriff for execution.
(b) Third Party Claims. If a person other than the party against whom the writ of possession is issued is in possession of the property, he may retain possession of the property by filing with the sheriff an affidavit that he is entitled to possession of the property, specifying the nature of his claim. Thereupon the sheriff shall desist from enforcing the writ and shall serve a copy of the affidavit on the party causing issuance of the writ of possession. The party causing issuance of the writ may apply to the court for an order directing the sheriff to complete execution of the writ. The court shall determine the right of possession in the property and shall order the sheriff to continue to execute the writ or shall stay execution of the writ, if appropriate.
Committee Note: There was inadvertently continued the difference between the writs of assistance and writs of possession when law and chancery procedure was consolidated. The amendment eliminates the distinction. Writs of assistance are combined with writs of possession. The amendment provides for issuance and the determination of third party claims. The only change is to shift the burden of the affidavit from the person causing the writ to be executed to the third person who contends that its execution is inappropriate.
RULE 1.610 INJUNCTIONS
[SUBSTANTIAL REWORDING OF PRIOR RULE]
(a) Preliminary Injunction. No preliminary injunction shall be issued without notice to the adverse party. The court may order the hearing on an application for a preliminary injunction consolidated with the trial of the action on the merits and may advance the trial.
(b) Temporary Restraining Order.
(1) A temporary restraining order may be granted without written or oral notice to the adverse party only if:
*176 (A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss or damage will result to the mov-ant before the adverse party can be heard in opposition and;
(B) the movant’s attorney certifies in writing any efforts that have been made to give notice and;
(C) the reasons why notice should not be required.
(2) No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary restraining order unless the adverse party appears at the hearing. Every temporary restraining order granted without notice shall be endorsed with the date and hour of entry and shall be filed forthwith in the clerk’s office and shall define the injury, state why it may be irreparable, give the reasons why the order was granted without notice and shall expire within the time after entry, not to exceed ten days, that the court fixes. The time for expiration may be extended for another ten days for good cause shown or if the adverse party consents. Unless consented to, the reasons for an extension of the temporary restraining order shall be specified in the order extending the time and the order shall be filed with the clerk.
(3) When a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set for hearing at the earliest possible time and shall take precedence over all matters except older matters of the same character. When the motion is heard, the party who obtained the temporary restraining order shall proceed with the motion for preliminary injunction. If he does not do so, the court shall dissolve the temporary restraining order.
(4) On three days notice to the party who obtained the temporary restraining order without notice or on shorter notice if the court directs, the adverse party may appear and move for dissolution or modification of the temporary restraining order. The court shall hear and determine the motion as expeditiously as possible.
(c) Bond. No restraining order or preliminary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined or restrained. When any injunction is issued on the pleading of a municipality or the state or any officer, agency, or political subdivision thereof, the court, in its discretion having due regard to the public interest, may require or dispense with the requirement of a bond, with or without surety, and conditioned as the circumstances may require.
(d) Form and Scope. Every injunction and temporary restraining order shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document and shall be binding on the parties to the action, their officers, agents, servants, employees and attorneys and on those persons in active concert or participation with them who receive actual notice of the order.
(e) Motion to Dissolve. A party against whom a restraining order or an injunction has been granted may move to dissolve it at any time.
Committee Note: This rule has been extensively amended so that it is similar to Federal Rule 65. The requirement that an injunction not be issued until a complaint was filed has been deleted as unnecessary. A pleading seeking an injunction or temporary restraining order must still be filed before either can be entered. The rule now provides for a temporary restraining order without notice that will expire automatically unless a hearing on a preliminary injunction is held and a preliminary injunction granted. The contents of an injunctive order are specified. The binding effect of an injunctive order is specified, but does not *177 change existing law. Motions to dissolve may be made and heard at any time. The trial on the merits can be consolidated with a hearing on issuance of a preliminary injunction and the trial can be advanced to accommodate this.
[NEW]
RULE 1.625 PROCEEDINGS AGAINST SURETY ON JUDICIAL BONDS
When any rule or statute requires or permits giving of bond by a party in a judicial proceeding, the surety on the bond submits to the jurisdiction of the court when the bond is approved. The surety shall furnish the address for the service of papers affecting the surety’s liability on the bond to the officer to whom the bond is given at that time. The liability of the surety may be enforced on motion without the necessity of an independent action. The motion shall be served on the surety at the address furnished to the officer. The surety shall serve a response to the motion within 20 days after service of the motion, asserting any defenses in law or in fact. If the surety fails to serve a response within the time allowed, a default may be taken. If the surety serves a response, the issues raised shall be decided by the court on reasonable notice to the parties. The right to jury trial shall not be abridged in any such proceedings.
Committee Note: This rule is intended to avoid the necessity of an independent action against a surety on judicial bonds. It does not abolish an independent action if the obligee prefers to file one.
RULE 1.627 TRUST ACCOUNTING
Rule 1.627 is hereby repealed.
Committee Note: Trust accountings are no longer required because of the repeal of former chapter 737, Florida Statutes (1979), so the rule has become obsolete.
RULE 1.640 CERTIORARI
Rule 1.640 is hereby repealed.
Committee Note: This rule is repealed because it has been superseded by Rules 9.010, 9.030(c) and 9.100 of the Florida Rules of Appellate Procedure.
RULE 1.660 MANDAMUS
Rule 1.660 is hereby repealed.
Committee Note: This rule is repealed because it has been superseded by Rules 9.010, 9.030(c) and 9.100 of the Florida Rules of Appellate Procedure.
RULE 1.680 CONSTITUTIONAL STAY WRITS
Rule 1.680 is hereby repealed.
Committee Note: This rule is repealed because it has been superseded by Rules 9.010, 9.030(c) and 9.100 of the Florida Rules of Appellate Procedure.

Committee Note
Subrule (b) is added to show the form of caption for a petition.
FORM 1.902 SUMMONS
SUMMONS
THE STATE OF FLORIDA:
To All and Singular the Each Sheriffs of the State:
YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant
*178 Each defendant is required to serve written defenses to the complaint or petition on _, plaintiff’s attorney, whose address is _, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff’s attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
WITNESS my hand -and- the soal of this court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.903 CROSSCLAIM SUMMONS
THE STATE OF FLORIDA:
To All and Singular the Each Sheriffs of the State:
YOU ARE COMMANDED to serve this summons and a copy of the crossclaim in this action on defendant_
Each crossclaim defendant is required to serve written defenses to the crossclaim on ., defendant’s attorney, whose address is -, and on_, plaintiff’s attorney, whose address is _, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on the attorneys or immediately thereafter. If a crossclaim defendant fails to do so, a default will be entered against that defendant for the relief demanded in the cross-claim.
W-I-T-NESS-my -hand-and the seal of this Court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.904 THIRD PARTY SUMMONS
THIRD PARTY SUMMONS
THE STATE OF FLORIDA:
To All and-SinguIar the Each Sheriffs of the State:
YOU ARE COMMANDED to serve this summons and a copy of the third party complaint or petition in this action on third party defendant,_
Each third party defendant is required to serve written defenses to the third party complaint or petition on -, plaintiff’s attorney, whose address is _, and on _, defendant’s attorney, whose address is_, within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on the attorneys or immediately thereafter. If a third party defendant fails to do so, a default will be entered against that defendant for the relief demanded in the third party complaint or petition.
WITNESS-my-hand and the-seal-of-this Court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.905 ATTACHMENT
WRIT OF ATTACHMENT AND SUMMONS
THE STATE OF FLORIDA:
To All-and-Singular — the Each Sheriffs of the State:
YOU ARE COMMANDED to attach and take into custody so much of the lands, tenements, goods and chattels of defendant, _, as is sufficient to satisfy the sum of $_and costs, and to servo this sum-mens-and-a-eopy — of—the-complaint in this action on defendant
Each defendant is required to-servc written-defenses to the complaint on-, plaintiff’s — attorney,—whose—address—is , within 20 days after service of this *179 summons on that- defendant, exclusive of the date-of service, and to filo the original of the defenses with the clerk of this-cour-t either before service on plaintiff’s attorney or immediately thereafter- — If a defendant fails-to-do so, a default-will bo entered against that defendant for the relief-demanded in the complaint;
WITNESS my hand and the seal of-this Court ORDERED in Florida, on -, 19_
(Name of Clerk)
As Clerk of the-Court
By
As Deputy Clerk-
Judge
Committee Note
The direction is modernized and the combination with the summons deleted. A writ of attachment must now be issued by a judge under section 76.03, Florida Statutes (1979).
FORM 1.906
ATTACHMENT-FORECLOSURE
WRIT OF ATTACHMENT AND SUMMONS
THE STATE OF FLORIDA:
To All and Singular-the Each Sheriffs of the State:
YOU ARE COMMANDED to take and hold the following described property:
(describe property)
or so much of it as can be found sufficient to satisfy the debt to be foreclosed, and-to serve this summons and-a-copy of the complaint in this action on defendant-
Each defendant is required to serve written defenses to the- complaint on . plaintiff’s — attorney;—whose—address—is ..-., within -20 days-af-ter service of this summons -on that defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service-on-plaintiff’s attorney or immediately thereafter. — If a defendant fails to do so, a default — will be entered against that defendant for the relief demanded in the complaint»
WITNESS my hand and the seal of this Court ORDERED in .Florida, on-, 19_
(Name of Clerk)
As Clerk-of-the Court
By
As Deputy Clerk
Judge
Committee Note
The direction is modernized and the combination with the summons deleted. A writ of attachment must now be issued by a judge under section 76.03, Florida Statutes (1979).
FORM 1.907 GARNISHMENT
WRIT OF GARNISHMENT
THE STATE OF FLORIDA:
To All and Singular-the Each Sheriffs of the State:
YOU ARE COMMANDED to summon garnishee, _, to serve an answer to this writ on _, plaintiff’s attorney, whose address is -, within 20 days after service on the garnishee, exclusive of the day of service, and to file the original with the clerk of this court either before service on the attorney or immediately thereafter, stating whether the garnishee is indebted to defendant,-, at the time of the answer or was indebted at the time of service of the writ or at any time between such times, and in what sum and what tangible and intangible personal property of the defendant the garnishee has in his possession or control at the time of the answer or had at the time of service of this writ, or at any time between such times, and whether the garnishee knows of any other person indebted to the defendant or who may have any of the property of the defendant in his possession or control. The amount set in plaintiff’s motion is $-
*180 WITNESS my hand and- the seal-of — thfe Court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.908 REPLEVIN
WRIT OF REPLEVIN AND SUMMONS THE STATE OF FLORIDA:
To All-and-SinguIar the Each Sheriffs of the State:
YOU ARE COMMANDED to replevy the goods and chattels in possession of defendant, _, described as follows:
(describe property)
and to serve this-su-mmons — and-a-copy-of the complaint in this on defendant, dispose of it according to law.
Each defendant is required to serve written defenses- to the complaint on_ , plaintiff’s — attorney,—whose—address—is , within 20 days after service of this summons on that defendant, exclusive of the day of-ser-vicej-and-to-fdo the original of the defenses with the clerk of this court either before service on-plaintiff’s attorney or immediately thereafter. — If a defendant fails to do so, a-default-will be entered against-that "defendant for the relief demanded in the complaint.
WITNESS my hand-and- the seal of this Court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Note
The form is amended in accordance with the statutory changes as a result of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The sheriff is commanded to dispose of the property according to law because of the conflict between sections 78.068(4) and 78.13, Florida Statutes (1979). The former apparently contemplates that the sheriff will hold the property for five days within which the bond can be posted while the latter still retains the old three day time period.
FORM 1.909 DISTRESS
DISTRESS WRIT
THE STATE OF FLORIDA:
To The Sheriff of-County, Florida:
YOU ARE COMMANDED to serve this writ and a copy of the complaint on defendant _
This distress writ subjects all property liable to distress for rent on the following property in _ County, Florida:
(describe property)
Each defendant is enjoined from damaging, disposing of, secreting or removing any property liable to be distrained from the rented real property after the time of service of this writ until the sheriff levies on the property or this writ is vacated or the court otherwise orders. If a defendant does not move for dissolution of the writ, the court may order the sheriff to levy on the property liable to distress forthwith after 20 days from the time the complaint in this action is served. The amount claimed in the complaint is the sum of $.with interest and cost.
DATED on_, 19-
Judge
Committee Note
This form is substantially revised to comply with the statutory changes in section 83.12, Florida Statutes, as amended in 1980 to overcome the unconstitutionality of distress proceedings. See Phillips v. Guin & Hunt, Inc., 344 So.2d 568 (Fla.1977). Because the revision is substantial, no struck-through or underscored type is indicated.
FORM 1.910 SUBPOENA FOR TRIAL
SUBPOENA
THE STATE OF FLORIDA:
TO_
YOU ARE COMMANDED to appear before the Honorable -, Judge of the *181 Court, at the_County Courthouse in _, Florida, on-, 19_, at-M., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.
WITNESS my-hand and the seal of this court DATED on __, 19—
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
FORM 1.911 SUBPOENA DUCES TECUM FOR TRIAL
SUBPOENA DUCES TECUM THE STATE OF FLORIDA:
TO: _
YOU ARE COMMANDED to appear before the Honorable-, Judge of the Court, at the _ County Courthouse in _, Florida, on -, 19_, at _ M., to testify in this action and to have with you at that time and place the following: _ If you fail to appear, you - may be in contempt of court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.
WITNESS my-hand and the seal of this court DATED on-, 19—
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
FORM 1.912 SUBPOENA FOR DEPOSITION
SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO: _
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at the_County-Court-house in_, Florida, on_, 19_, at_M., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.
WITNESS my hand and-the seal of this court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
FORM 1.913 SUBPOENA DUCES TECUM FOR DEPOSITION
SUBPOENA DUCES TECUM FOR. DEPOSITION
THE STATE OF FLORIDA:
TO: _
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at the-County Courthouse in_, Florida, on-, 19_, at _M., for the taking of your deposition in this action and to have with you at that time and place the following: - If you fail to appear, you may be in contempt of court.
*182 You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the court, you shall respond to this subpoena as directed.
WITNESS my hand and the seal of this court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
FORM 1.914 EXECUTION
EXECUTION
THE STATE OF FLORIDA:
To All and Singular — the Each Sheriffs of the State:
YOU ARE COMMANDED to levy on the goods — and chattels, lands and tenements property subject to execution of_in the sum of $_ with legal interest thereon at_% a year from _, 19_, until paid and to have this writ before the court when satisfied.
WITNESS my hand-and-fche-seal- of-this court DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Note
The description of the property to be levied on has been made general so it encompasses all property subject to execution under section 56.061, Florida Statutes (1979).
FORM 1.915 WRIT OF POSSESSION
WRIT OF POSSESSION
THE STATE OF FLORIDA:
To All and Singular the Sheriffs of the State County. Florida
YOU ARE COMMANDED to remove all persons from the following described property in_County, Florida:
(describe property)
and to put_in possession of it.
WITNESS my hand and- the seal of this eowt DATED on-, 19—
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Committee Note
The direction on this form is changed to the sheriff of the county where the property is located and the conclusion is modernized.
FORM 1.916 W-RI-T-OF ASSISTANCE REPLEVIN ORDER TO SHOW CAUSE
ORDER TO SHOW CAUSE
THE STATE OF FLORIDA:
To Each Sheriff of the State:
YOU ARE COMMANDED to serve this order on defendant_by personal service as provided by law, if possible, or, if you are unable to personally serve the defendant within the time specified, by placing a copy of this order with a copy of the summons on the claimed property located at _, Florida within_ days. Non-personal service as provided in this order shall be effective to afford notice to defendant of this order, but for no other purpose.
Defendant shall show cause before the Honorable _, on _, 19— at _ M. in the _ County Courthouse in_, Florida why the property claimed by plaintiff in the complaint filed in this action should not be taken from the possession of defendant and delivered to plaintiff.
Defendant may file affidavits, appear personally or with an attorney and present testimony at the time of the hearing or, on a finding by the court pursuant to section *183 78.067(2), Florida Statutes (1979), that plaintiff is entitled to possession of the property described in the complaint pending final adjudication of the claims of the parties, may file with the court a written undertaking executed by a surety approved by the court in an amount equal to the- value of the property to stay an order authorizing the delivery of the property to plaintiff.
If defendant fails to appear as ordered, defendant shall be deemed to have waived the right to a hearing. The court may thereupon order the clerk to issue a writ of replevin.
ORDERED in _, Florida on -, 19—
Judge
Committee Note
Former Form 1.916 is repealed because of the consolidation of writs of assistance with writs of possession. The new form is the replevin order to show cause prescribed by section 78.065, Florida Statutes (1979).
FORM 1.917 NE EXEAT
WRIT OF NE EXEAT
THE STATE OF FLORIDA:
To All and Singular — the Each Sheriffs of the State:
YOU ARE COMMANDED to detain the defendant_and to require him to give bond in the sum of $_payable to the Governor of Florida and his successors in office conditioned that the defendant will answer plaintiff’s pleading in this action and will not depart from the state without leave of court and will comply with the lawful orders of this court, with sureties to be approved by the clerk of this court. If the defendant does not give the bond, he shall be taken into custody and be confined. in the_County jail until he gives the bond or until further order of this court. If the defendant does not give the bond, he shall be brought before a judge of this court within twenty-four hours of his confinement.
WITNESS my hand and the seal of this court DATED on-, 19—
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
FORM 1.919 NOTICE OF ACTION; CONSTRUCTIVE SERVICE: NO PROPERTY
NOTICE OF ACTION
TO: _
YOU ARE NOTIFIED that an action for (“divorce” “dissolution of marriage” or “construction of will” or “re-establishment of a lost deed” or other type of action) has been filed against you and you are required to serve a copy of your written defenses, if any, to it on_, plaintiff’s attorney, whose address is -, on or before _., 19_, and file the original with the clerk of this court either before service on plaintiff’s attorney or immediately thereafter; otherwise a default will be entered against you for the relief demanded in the complaint or petition.
WITNESS my hand and the seal of this court DATED on_, 19—
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
NOTE: This form must be modified to name the other defendants when there are multiple defendants and all are not served under the same notice. See § 49.08(1), Florida Statutes (1979).
FORM 1.920 NOTICE OF ACTION; CONSTRUCTIVE SERVICE-PROPERTY
NOTICE OF ACTION
TO: _
YOU ARE NOTIFIED that an action to (“enforce a lien on” or “foreclose a mortgage on” or “quiet title to” or “partition” or other type of action) the following property in_County, Florida:
*184 (describe property)
has been filed against you and you are required to serve a copy of your written defenses, if any, to it on_, plaintiff’s attorney, whose address is _., on or before _, 19_, and file the original with the clerk of this court either before service on plaintiff’s attorney or immediately thereafter; otherwise a default will be entered against you for the relief demanded in the complaint or petition.
WITNESS my hand and the seal of this court DATED on_., 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
NOTE: This form must be modified to name the other defendants when there are multiple defendants and all are not served under the same notice. See § 49.08(1), Florida Statutes (1979).
[NEW]
FORM 1.921 NOTICE OF PRODUCTION FROM NON-PARTY
TO: _
YOU ARE NOTIFIED that after ten days from the date of service of this notice the undersigned will apply to the clerk of this court for issuance of the attached subpoena directed to - who is not a party and whose address is _, to produce the items listed at the time and place specified in the subpoena.
NOTE: This form of notice is for use with Rule 1.351. A copy of the subpoena must be attached to this form for it to comply with the rule.
Committee Note
This form is new.
[NEW]
FORM 1.922 SUBPOENA DUCES TE-CUM WITHOUT DEPOSITION
(a) When witness has option to furnish records instead of attending deposition.
THE STATE OF FLORIDA:
TO: _
YOU ARE COMMANDED to appear at _ in _, Florida, on _, 19_ at _ M., and to have with you at that time and place the following: —
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorneys whose names appear on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall respond to this subpoena as directed.
DATED on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
(b) When witness must appear and produce the records.
*185 THE STATE OF FLORIDA:
TO: _
YOU ARE COMMANDED to appear at -in_, Florida, on_, 19_ at _ M., and to have with you at that time and place the following: _
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorneys whose names appear on this subpoena and unless excused from this subpoena by the attorneys or the Court, you shall respond to this subpoena as directed.
DATED on_, 19_
(Name of Clerk)
Clerk of the Court
By-
As Deputy Clerk
Attorney for
Address
NOTE: Both of these forms are to be used for production of documents under Rule 1.351. Form (a) is used when the person having the records may furnish copies to the subpoenaing attorney instead of appearing at the time and place specified in the subpoena. Form (b) is used when the records must be produced at that time and place.
Committee Note
This form is new.
FORM 1.931 JURISDICTIONAL STATEMENT-LAW; ACTIONS FOR DAMAGES
ACTION FOR DAMAGES
This is an action for damages that
(a) do not exceed $1500
(b) exceed $5000
(c) exceed $1500 but do not exceed $5000
NOTE: Choice (a) is for the small claims division of county court; (b) for circuit court and (c) for county court without summary procedure.
Committee Note
The form has been modernized by inserting the amounts that are now applicable under the constitution and general law. Formerly the number of courts and varying jurisdictions did not make completion of the blanks for the amounts practicable.
FORM 1.934 PROMISSORY NOTE
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On_, 19_, defendant executed and delivered a promissory note, a copy being attached, to plaintiff in_County, Florida.
3. Plaintiff owns and holds the note.
4. Defendant failed to pay (Use A or B)
A. the note when due.
B. the installment payment due on the note on _, 19_, and plaintiff elected to accelerate payment of the balance.
5. Defendant owes plaintiff $- that is due with interest since_, 19_, on the note.
6. Plaintiff is obligated to pay his attorneys a reasonable fee for their services.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: A copy of the note must be attached. Use paragraph 4A. or B. as applicable and paragraph 6 if appropriate.
*186 Committee Note
Paragraph 3 is added to show ownership of the note and paragraph 4 is clarified to show that either 4A. or 4B. is used, but not both.
FORM 1.937 REPLEVIN
COMPLAINT
Plaintiff A.B., sues defendant C.D., and alleges:
1. This is an action to recover possession of personal property in - County, Florida.
2. The description of the property is:
(list property)
To the best of plaintiff’s knowledge, information and belief, the value of the property is $_
3. Plaintiff is entitled to the possession of the property under a security agreement dated _, 19_, a copy of the agreement being attached.
4. To plaintiff’s best knowledge, information and belief, the property is located at
5. The property is wrongfully detained by defendant. Defendant came into possession of the property by (describe method of possession). To plaintiff’s best knowledge, information and belief, defendant detains the property because (give reasons).
6. The property has not been taken for any tax, assessment or fine pursuant to law.
7. The property has not been taken under an execution or attachment against plaintiff’s property.
WHEREFORE plaintiff demands judgment for possession of the property.
NOTE: Paragraph 3 must be modified if the right to possession arose in another manner. Allegations and a demand for damages, if appropriate, can be added to the form.
Committee Note
The form is amended to comply with the amendments to the replevin statutes pursuant to Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed. 556 (1972).
FORM 1.938 FORCIBLE ENTRY AND DETENTION
NOTE: Substitute “forcibly” for “unlawfully” or add it as an alternative when applicable. This form cannot be used for residential tenancies.
FORM 1.940 EJECTMENT
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action to recover possession of real property in_County, Florida.
2. Defendant is in possession of the following real property in the county:
(Describe property)
to which plaintiff claims title as shown by the attached statement of plaintiff’s chain of title.
3. Defendant refuses to deliver possession of the property to plaintiff or pay him the profits from it.
WHEREFORE plaintiff demands judgment for possession of the property and damages against defendant.
NOTE: A statement of plaintiff’s chain of title must be attached.
Committee Note
The words “possession of” are inserted in paragraph 1 for clarification.
FORM 1.941 SPECIFIC PERFORMANCE
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for specific performance of a contract to convey real property in_County, Florida.
2. On _, 19_, plaintiff and defendant entered into a written contract, a copy being attached.
3. Plaintiff tendered the purchase price to defendant and requested a conveyance of *187 the real property described in the contract. but defendant refused to accept the tender or to make the convey ance.
4. Defendant refused to accept the tender or to make the conveyance.
4 5. Plaintiff offers to pay the purchase price.
WHEREFORE plaintiff demands judgment that defendant be required to specifi-eally perform the contract and for damages.
NOTE: A copy of the sales contract must be attached.
Committee Note
Paragraph 3 is divided into two paragraphs to properly accord with Rule 1.110(f).
FORM 1.942 CHECK
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On_, 19_, defendant executed a written order for the payment of $.__, commonly called a check, a copy being attached, payable to the order of plaintiff and delivered it to him.
3. The check was presented for payment to the drawee bank but payment was refused.
4. Plaintiff holds the check and it has not been paid, defendant-owes — plaintiff $ that is due with interest from.., 19_, on the check.
5. Defendant owes plaintiff $_ that is due with interest from_, 19_, on the check.
WHEREFORE plaintiff demands judgment for damages against defendant.
NOTE: A copy of the check must be attached. Allegations about endorsements are omitted from this form and must be added when proper.
Committee Note
Paragraph 4 is divided into two paragraphs to properly accord with Rule 1.110(f).
FORM 1.943 PETITION FOR DISSOLUTION OF MARRIAGE
PETITION FOR DISSOLUTION OF MARRIAGE
The petition of A.B. shows:
1. This is an action for dissolution of the bonds of marriage between petitioner and respondent, C.D.
2. Petitioner has been a resident of Florida for more than six months next before filing the petition.
3. Petitioner and respondent were married to each other on-, 19— at (place of
marriage), and cohabited as-husband and wife until.-i 19^
4. The marriage between the parties is irretrievably broken.
WHEREFORE petitioner demands a dissolution — of—h=^u»a?riage—to—respondent judgment dissolving the marriage.
NOTE: Allegations about- joint property, alimony, custody, attorneys’ fees and temporary relief are omitted from this form and must be added when proper. Similarly, a demand for judgment for these items must be added when proper. Verified allegations or an affidavit must be used when child custody is an issue. See § 61.132, Florida Statutes (1979).
This form.supersedes prior Form 1943 Complaint in Divorce;-and-incorporates 1971-amendments to Chapter-61, Florida Stat-
Committee Note
The form is amended to change the demand for judgment to comply with Rule 1.110(b) and to make editorial changes.
FORM 1.944 MORTGAGE FORECLOSURE
COMPLAINT
Plaintiff, A.B., sues defendant, C.D., and alleges:
*188 1. This is an action to foreclose a mortgage on real property in - County, Florida.
2. On _, 19_, defendant executed and delivered a promissory note and a mortgage securing payment of it the note to plaintiff. The mortgage was recorded on _, 19_, in Official Records Book-at page_of the public records of-County, Florida, and mortgaged the property described in itj the mortgage then owned by and in possession of the mortgagor, a copy of the mortgage containing a copy of the note being attached.
3. Plaintiff owns and holds the note and mortgage.
4. The property is now owned by defendant who holds possession.
5. Defendant has defaulted under the note and mortgage by failing to pay the payment due_, 19_, and all subsequent payments.
6. Plaintiff declares the full amount payable under the note and mortgage to be due.
7. Defendant owes plaintiff $-that is due on principal on the note and mortgage, interest from_, 19_, and title search expense for ascertaining necessary parties to this action.
8. Plaintiff is obligated to pay his attorneys a reasonable fee for their services.
WHEREFORE plaintiff demands an accounting of the sum due to plaintiff under the note and mortgage and if the sum-is not paid within the time set by this court; that the property be sold to satisfy plaintiff’s claim judgment foreclosing the mortgage and, if the proceeds of the sale are insufficient to pay plaintiff’s claim, that a deficiency judgment, be entered for the sum remaining unpaid-agai«st-the-defend-ant and that the estate of defendant and all persons claiming under or against defendant since the filing of the notice of lis pendens-be foreclosed.
NOTE: This form is for installment payments with acceleration. It omits allegations about junior encumbrances, unpaid taxes, unpaid insurance premiums and for a receiver. They must be added when proper. Copies of the note and mortgage must be attached.
FORM 1.945 AUTOMOBILE MOTOR VEHICLE NEGLIGENCE
COMPLAINT
Plaintiff, A.B., sues defendants, C.D., and E.F., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. (Use A or B) A. On or about-, 19_, defendant, C.D., owned a motor vehicle that was operated with his consent by defendant, E.F., at-in-, Florida.
B. On or about_, 19_, defendant owned and operated a motor vehicle at-in_, Florida.
3. At that time and place defendants negligently operated or maintained the motor vehicle so that it collided with plaintiff’s motor vehicle.
4. As a result plaintiff was injured in and about his body and extremities, suffered pain therefrom, incurred medical expense in-the treatment of the injuries, suffered physical handicap and his working ability was impaired, the injuries are either permanent or — continuing in nature and plaintiff will suffer the losses and impairment in-tho future; plaintiff’s motor vehicle was damaged or he lost the value of-his interest in it and the value-of its use during the time required for necessary repairs to iL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization. medical and nursing care and treatment. loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff's automobile was damaged and he lost the use of it during the period required for its repair or replacement.
WHEREFORE plaintiff demands judgment for damages against defendants.
*189 NOTE: This form, except for paragraph 2 B., is for use when owner and driver are different persons. Use paragraph 2 B. when they are the same. If paragraph 2 B. is used, “defendants” must be changed to “defendant” in all other places whore wherever it appears.
Committee Note
This form was changed to show that one of the alternatives in paragraph 2 is used, but not both and paragraph 4 has been changed to paraphrase Standard Jury Instruction 6.2.
FORM 1.946 MOTOR VEHICLE NEGLIGENCE WHEN PLAINTIFF IS UNABLE TO DETERMINE WHO IS RESPONSIBLE
COMPLAINT
Plaintiff, A.B., sues defendants C.D., and E.F., and alleges:
1. This is an action for damages that (insert jurisdictional amount).
2. On or about_, 19 — , defendant, C.D., or defendant E.F., or both defendants, owned and operated motor vehicles at _in_., Florida.
3. At that time and place defendants, or one of them, negligently operated or maintained their motor vehicle so that one or both of them collided with plaintiff’s motor vehicle.
4. As a result plaintiff was-injured-in and -about his body and extremities, suffered pain therefrom, incurred medical expense in the treatment of-the injuriesr-suf-fered-physical handicap and his working ability was impaired, the injuries are either permanent or continuing in nature and plaintiff will suffer the-losses-and-impairment in-the future; plaintiff’s motor vehicle was damaged or he lost the-value of his interest4n-it-and-the value of its-use-during the time required for necessary repairs to itr suffered bodily injury and resulting pain and suffering, disability, disfigurement. mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization. medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff’s automobile was damaged and he lost the use of it during the period required for its repair or replacement.
WHEREFORE plaintiff demands judgment for damages against defendants.
NOTE: Allegations when owner and driver are different persons are omitted from this form and must be added when proper.
Committee Note
Paragraph 4 is changed to paraphrase Standard Jury Instruction 6.2.
FORM 1.948 THIRD PARTY COMPLAINT. GENERAL FORM
THIRD PARTY COMPLAINT
Defendant and third party plaintiff, C.D., sues third party defendant, E.F., and alleges:
1. Plaintiff filed a complaint against defendant, C.D., a copy being attached.
2. (State the cause of action that C.D. has against E.F. for all or part of what A.B. may recover from C.D. as in an original complaint.)
WHEREFORE defendant, C.D., demands judgment against the third party defendant, E.F., for all damages that are adjudged against defendant, C.D., in favor of plaintiff.
NOTE: A copy of the complaint from which the third party complaint is derived must be attached.
FORM 1.950 TRUST QUALIFICATION PETITION
This form is repealed.
Committee Note
Trust qualifications were abolished by the new probate code so this form is deleted.
*190 FORM 1.971 DEFENSE. MOTOR VEHICLE CONTRIBUTORY NEGLIGENCE
Plaintiff’s negligence contributed to the accident and his injury and damages because he negligently operated or maintained the motor vehicle in which he was riding so that it collided with defendant’s motor vehicle.
FORM 1.972 DEFENSE. ASSUMPTION OF RISK
Plaintiff knew of the existence of the danger complained of in the complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger. Committee Note
This form is amended to show the substantive changes caused by the substitution of the doctrine of comparative negligence for contributory negligence. The form is paraphrased from Standard Jury Instruction 3.8.
FORM 1.980 DEFAULT
MOTION FOR DEFAULT
Plaintiff moves for entry of a default by the clerk against defendant (insert name of defaulting defendant)_for failure to serve any paper on the undersigned or file any paper as required by law.
Attorney for Plaintiff
DEFAULT
A default is entered in this action against the defendant named in the foregoing motion for failure to serve or file any paper as required by law.
Dated on_, 19_
(Name of Clerk)
As Clerk of the Court
By-
As Deputy Clerk
[NEW]
FORM 1.988 JUDGMENT AFTER DEFAULT
(a) This form is the general form for judgment after default.
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff,_, recover from defendant, -, the sum of $_ with costs in the sum of $_ for which let execution issue.
ORDERED in_, Florida, on_, 19_
Judge
(b) This form contains provision for interest and attorney’s fees.
FINAL JUDGMENT
This action was heard after entry of default against defendant and
IT IS ADJUDGED that plaintiff, _, recover from defendant, _, the sum of $_on principal, $_for interest, $_ for attorney’s fees with costs in the sum of $_, making a total of $_, for which let execution issue.
ORDERED in _, Florida, on _, 19-
Judge
Committee Note
This form is new.
FORM 1.990 FINAL JUDGMENT FOR PLAINTIFF. JURY ACTION FOR DAMAGES
FINAL JUDGMENT
Pursuant to the verdict rendered in this action
IT IS ADJUDGED that plaintiff,_, recover from defendant, _, the sum of $-with his costs in the sum of $_, for which let execution issue.
*191 Florida, on_, ORDERED at in 19-
Judge
FORM 1.995 FINAL JUDGMENT DISSOLVING MARRIAGE (D-IVOBGE)
FINAL JUDGMENT
This action was heard before the court. On the evidence presented
IT IS ADJUDGED that:
1. The bonds of marriage between petitioner, A.B., and respondent, C.D., are dissolved because the marriage is irretrievably. broken.
2. The separation agreement between the parties, introduced in evidence and marked petitioner’s exhibit 1, was executed voluntarily after full disclosure, and is for in the best interests of the parties, and is approved and incorporated in this judgment by reference and the parties are ordered to comply with it.
3. Petitioner’s maiden former name is restored and she shall be known as_ hereafter.
4. The custody of the minor child of the parties _, born on . 19— is awarded granted to petitioner. The Respondent shall have the right to visit the child ___ at reasonable times and places after reasonable notice to petitioner.
5. Respondent shall pay $- a week, beginning . 19_to petitioner as alimony and-child support allocated as $- as alimony and $.-for-child support, the child support being allocated equally between the children, that shall terminate on the death or remarriage of petitioner.
6. Respondent shall pay $_ a week. beginning . 19_to petitioner as child support, the sum being allocated equally between the children, that shall terminate for each child when the child reaches 18 years of age, becomes self-supporting, marries or dies.
7. Petitioner’s attorney’s fees are set at $_, which shall be paid to.. and her court costs are taxed at $-, both of which respondent shall pay within - days.
ORDERED at in, _, Florida, on -, 19—
Judge
NOTE: Paragraphs 2, 3, 4, 5, 6, and 7 are various alternatives and should be used as the circumstances require. Ordinarily, paragraph 2 or paragraphs 4, 5, 6 and 7 will be used, depending on the situation. The form is designed as a judgment in favor of the petitioner wife and if the husband is petitioner or the decision of the court is not in favor of the petitioner wife, the form must be varied to meet these circumstances. Paragraph 4 must be varied if the custody is split or visitation rights are specifically adjudicated. Paragraphs 5 and 6 must be varied in accordance with the factual situation. Material portions of any property settlement should be included in the final judgment.
Committee Note
The form is amended to substitute “former” for “maiden” in paragraph 3, to add a provision for the birthdate of the minor child in paragraph 4 and to separate alimony and child support provisions into separate paragraphs with automatic termination provisions for each, to specifically provide who is to receive the attorney’s fee award, and to make other editorial changes.
FORM 1.996 FINAL JUDGMENT OF FORECLOSURE
FINAL JUDGMENT
This action was tried before the court. On the evidence presented
IT IS ADJUDGED that:
1. Plaintiff,-, is due $-as principal, $_as interest to the date of this judgment, $_ for title search expense, $_for taxes, $_for insurance premiums, and $_ for attorneys’ fees with $_court costs now taxed, less $-for undisbursed escrow funds, and less $- for unearned insurance premiums, under *192 the note and mortgage sued on in this action making a total sum of $-
2. Plaintiff holds a lien for the total sum superior to any claim or estate of defendant, _, on the following described property in_County, Florida:
(insert legal description)
3. If the total sum with interest at the rate prescribed by law and all costs of this action accruing subsequent to this judgment are not paid within three days from this date, the clerk of this court shall sell the property at public sale on -, 19 — , between 11:00 A.M. and 2:00 P.M., to the highest bidder for cash, except as set forth hereinafter, at the_door of the courthouse in_County in_, Florida, in accordance with section 45.031, Florida Statutes (1979).
4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property at the sale. If plaintiff is the purchaser, the clerk shall credit plaintiff’s bid with the total sum with interest and costs accruing subsequent to this judgment or such part of it as is necessary to pay the bid in full.
5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff’s costs; second, documentary stamps affixed to the certificate; third, plaintiff’s attorneys’ fees; fourth, the total sum due to plaintiff less the items paid plus interest at the rate prescribed by law from this date to the date of the sale; and by retaining any amount remaining pending the further order of this court.
6. On filing the certificate of title defendant and all persons claiming under or against him since the filing of the notice of lis pendens are shall be foreclosed of all estate or claim in the property and the purchaser at the sale shall be let into possession of the property.
7. Jurisdiction of this action is retained to enter further orders as are proper including, without limitation, writs of assistance possession and deficiency judgments.
ORDERED at _, Florida, on 19-
Judge
NOTE: Paragraph 1 must be varied in accordance with the items unpaid, claimed and proven. The form does not provide for an adjudication of junior lienors’ claims nor for redemption by the United States of America if it is a defendant.
Committee Note
The reference to writs of assistance in paragraph 7 is changed to writs of possession to comply with the consolidation of the two writs.